RECEIPT # 56981
AMOUNT $ 150
SUMMONS ISSUED ✓-/
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. M
DATE 6-30-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2004 JUN 30 A 11: 20
U.S. DISTRICT COURT
DISTRICT OF MASS.

PAUL R. CROFT,

    Plaintiff,

v.

NATIONAL BEDDING COMPANY D/B/A
SERTA MATTRESS COMPANY,

    Defendant.

CIVIL ACTION NO.

04 CV 11487 RWZ

### VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT, SPECIFIC PERFORMANCE, DAMAGES AND JURY DEMAND

The plaintiff, Paul R. Croft, by his attorneys, Burns & Levinson LLP, complaining of the defendants, National Bedding Company d/b/a Serta Mattress Company, alleges as follows:

#### THE PARTIES

1. The plaintiff, Paul R. Croft ("Croft" or "Plaintiff"), is an individual residing at 52 Greenwood Road, Hopkinton, Middlesex County, Massachusetts, 01748.

2. The defendant, National Bedding Company, d/b/a Serta Mattress Company ("Serta" or "Defendant"), on information and belief, is an Illinois company with a principal place of business 5401 Trillium Blvd., Suite 250, Hoffman Estates, Illinois, 60192. Serta also operates its business at 61 Leona Drive, Middleborough, Plymouth County, Massachusetts, 02346, and its Resident Agent for service is Corporate Service Company, 84 State Street, Boston, MA 02109.

#### JURISDICTION AND VENUE

3. This court has subject matter jurisdiction over the dispute described in this Complaint pursuant to 28 U.S.C., § 1332, in that Plaintiff Croft is a citizen of the

Commonwealth of Massachusetts, all of the defendants are citizens of the State of Illinois and the amount in controversy between them exceeds the amount of $75,000.00 and pursuant to 28 U.S.C., §1367 (supplemental jurisdiction).

4. Venue is proper in this court pursuant to 28 U.S.C., § 1391(a) because a substantial part of the events or omissions giving rise to this dispute occurred within this district.

## THE FACTS

5. S-N Bedding Co., Inc., employed Plaintiff Croft in May 1999 as Vice President of Sales, in Middleborough, Massachusetts.

6. Defendant Serta entered into an Asset Purchase Agreement by which it purchased S-N Bedding Co., Inc.

7. Due to the Asset Purchase Agreement, Plaintiff Croft began working for Defendant Serta in June 1999 as Vice President of Sales.

8. Plaintiff Croft worked for Defendant Serta beginning on June 22, 1999, after entering into an Employment Agreement on (the "Employment Agreement") attached hereto as Exhibit 1, paragraph 1.

9. The Employment Agreement was for a two-year term expiring on June 22, 2001, after which the term automatically renewed for periods of one year thereafter, unless earlier terminated as provided in the Employment Agreement. Exhibit 1, paragraph 1.

10. Under the Employment Agreement, Defendant Serta could terminate Plaintiff Croft's employment effective after the original term upon giving written notice to Plaintiff Croft sixty days prior to the end of the original term or the end of any subsequent one year renewal period. Exhibit 1, paragraph 12.

11. Under the Employment Agreement, Plaintiff Croft could terminate the

Employment Agreement effective after the original two-year term upon giving written notice six month's prior to the end of the original term or the end of any subsequent one year renewal period. Exhibit 1, paragraph 12.

12. In November and December 2000, Plaintiff Croft discussed renegotiating the terms of the contract with Robert Sherman, President and agent of Defendant Serta.

13. On December 20, 2000, in accordance with the notice provisions of the Employment Agreement, Plaintiff Croft gave Defendant Serta timely notice of intention to terminate, unless Defendant Serta successfully renegotiated the terms of Plaintiff Croft's continued employment. Exhibit 2.

14. After Defendant Serta received the December 2000 letter, the parties renegotiated the terms of the Employment Agreement.

15. In a memo dated January 5, 2001 ("January 5, 2001 Memo," Exhibit 3), Defendant Serta modified the Employment Agreement by paying Plaintiff Croft a new yearly salary of $212,000.00, an amount it commenced paying him on February 1, 2001.

16. In a memo dated February 5, 2001 ("February 5, 2001 Memo," Exhibit 4), Defendant Serta modified the Employment Agreement by extending the contract length to December 31, 2004, and, among other material terms, adopted a special bonus program.

17. Based on Defendant Serta's offer of modified terms, Plaintiff Croft rescinded his timely notice of intention to terminate, accepted the renegotiated terms of continued employment and continued to be employed and continued to perform services for Defendant Serta under the new contract terms.

18. The Employment Agreement (Exhibit 1), the January 5, 2001 Memo (Exhibit 3) and the February 5, 2001 Memo (Exhibit 4) (hereinafter "Contract") comprise the agreed to

terms of Plaintiff Croft's employment with Defendant Serta, upon which Plaintiff Croft relied by continuing to perform services.

19. At all times, Defendant Serta's acts and conduct indicate that it intended to be bound by the provisions of the Contract.

20. Commencing on February 1, 2001, Defendant Serta paid Plaintiff Croft $212,000.00 per year salary. Exhibit 3.

21. Commencing on February 5, 2001, the term of Plaintiff Croft's employment was extended through December 31, 2004. Exhibit 4.

22. Commencing on February 5, 2001, Plaintiff Croft was entitled to salary increases of 5% per year. Exhibit 4.

23. Commencing on February 5, 2001, Plaintiff Croft was entitled to a bonus in 2001 of up to 50% of Plaintiff Croft's yearly salary, with a maximum of 10% of the Middleborough plant's profits. Exhibit 4.

24. Commencing on February 5, 2001, Plaintiff Croft was entitled to a bonus in 2002 and beyond of up to 50% of Plaintiff Croft's yearly salary if the plant's profits were less than 10% and, if the Middleborough plant's profits exceeded 10%, a maximum of 1% point higher. Exhibit 4.

25. Commencing on February 5, 2001, if Plaintiff Croft was terminated by Serta, his salary would be paid through December 31, 2004, and he would be subject to a one-year non-compete in exchange for two additional years of compensation. Exhibits 1, 3 and 4.

26. The Contract is a valid and binding contract.

27. At all times Plaintiff Croft performed under the Contract.

28. Defendant Serta failed to give timely notice of its termination of Plaintiff Croft's

4

employment.

29. Defendant Serta terminated Plaintiff Croft's employment without cause on September 19, 2001.

30. Defendant Serta paid Plaintiff Croft through September 30, 2001, representing seven days of vacation pay.

31. Defendant Serta breached its Contract by failing to reimburse Plaintiff Croft for the expenses he incurred on behalf of Defendant Serta and for which he submitted an expense report in accordance with the Contract.

32. Defendant Serta breached its Contract by failing to pay Plaintiff Croft his salary and bonuses after September 2001.

33. Plaintiff Croft made a demand for the damages necessary to make him whole for Serta's breach of contract.

34. Defendant Serta made it clear that it had no intention of honoring its obligations under the Contract to pay Mr. Croft the damages to which he is entitled.

35. Litigation is necessary to enforce the Contract and, thus, Plaintiff Croft is incurring legal fees to enforce his rights under the Contract and he is entitled to his fees, as provided therein. Exhibit 1.

## COUNT I
### (Declaratory Judgment)

36. Plaintiff Croft repeats and incorporates herein by reference the allegations set forth in paragraphs 1- 35 of this Complaint.

37. A justifiable controversy exists between the parties with respect to existence and terms of a Contract, the resolution of which will be dispositive of Plaintiff Croft's claims.

38. Plaintiff Croft seeks a declaratory judgment pursuant to 28 U.S.C., § 2201 and he

asks this Court to determine that he is entitled to damages through December 31, 2004, on his Contract.

## COUNT II
### (Breach of Contract)

39. Plaintiff Croft repeats and incorporates herein by reference the allegations set forth in paragraphs 1- 38 of this Complaint.

40. The Contract is a valid and binding contract.

41. Plaintiff Croft fulfilled all of his obligations pursuant to the terms of the Contract.

42. Defendant Serta breached its Contract with Plaintiff Croft by terminating his employment and failing and refusing to pay Plaintiff Croft pursuant to the Contract.

43. As a direct and proximate result of Defendant Serta's breach of its Contract with Plaintiff Croft, he has been injured and suffered substantial damages in excess of $1,268,168.70.

## COUNT III
### (Promissory Estoppel)

44. Plaintiff Croft repeats and incorporates herein by reference the allegations set forth in paragraphs 1-43 of this complaint.

45. Defendant Serta promised Plaintiff Croft $212,000.00 in salary through December 31, 2001, $212,000 in salary plus a salary increases of 5% per year for each 2002, 2003, and 2004, and a bonus in each of 2001 and thereafter. This promise went into effect on February 5, 2001 and was never revoked.

46. Plaintiff Croft reasonably relied on Defendant Serta's promise to his detriment.

47. Defendant Serta breached his promise to Plaintiff Croft.

48. Plaintiff Croft suffered a detriment as a result of his reasonable reliance on Defendant Serta's promise.

49. Plaintiff Croft has been injured and suffered damages as a result of his reasonable

reliance on Defendant Serta's promise. Moreover, injustice only can be avoided by enforcing Defendant Serta's promise.

WHEREFORE, Plaintiff Croft prays that this Court:

a. Enter a judgment in favor of Paul R. Croft on all Counts of this Verified Complaint;

b. Award Paul R. Croft declaratory judgment pursuant to 28 U.S.C., § 2201;

c. Determine that Paul R. Croft is entitled to damages through December 31, 2004, on his Contract;

d. Award Paul R. Croft all damages he proves at trial to have suffered as a result of Defendant's conduct as described above;

e. Award Paul R. Croft such other and further relief that justice so requires; and

f. Award Paul R. Croft's attorneys' fees and costs in enforcing the Employment Agreement with amendments as provided for in paragraph 18 of the Employment Agreement with amendments.

Respectfully submitted,
By his attorneys

*Nancy A. Newark*

Laura R. Studen, BBO #483690
Nancy A. Newark, BBO#635320
Burns & Levinson LLP
125 Summer Street
Boston, Massachusetts 02110
Telephone: (617) 345-3000
Facsimile: (617) 345-3299

Dated: June 29, 2004

## VERIFICATION

I, Paul R. Croft, having read the allegations contained herein, swear that the above allegations are true and accurate, except those alleged upon information and belief, which I believe to be true. Unless otherwise stated, the allegations contained herein are based upon my personal knowledge and the documents presently available to me.

Dated: ____6/21____, 2004    _Paul R. Croft_

J:\Docs\24315\00001\00846907.DOC