# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAUL R. CROFT,<br><br>      Plaintiff,<br><br>v.<br><br>NATIONAL BEDDING COMPANY *D/B/A*<br>SERTA MATTRESS COMPANY,<br><br>      Defendant. | Civil Action No. 04-11487-RWZ |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rules 7, 8 and 12 of the Federal Rules of Civil Procedure, the Defendant, National Bedding Company *d/b/a* Serta Mattress Company ("Defendant" or the "Company"), hereby answers Plaintiff Paul R. Croft's ("Plaintiff's" or "Croft's") Complaint in the above-captioned action.

## THE PARTIES

### PARAGRAPH NO. 1

The plaintiff, Paul R. Croft ("Croft" or "Plaintiff"), is an individual residing at 52 Greenwood Road, Hopkinton, Middlesex County, Massachusetts, 01748.

### ANSWER NO. 1

Defendant has insufficient knowledge to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint.

**PARAGRAPH NO. 2**

The Defendant, National Bedding Company, d/b/a Serta Mattress Company ("Serta" or "Defendant"), on information and belief, is an Illinois company with a principal place of business 5401 Trillium Blvd., Suite 250, Hoffman Estates, Illinois, 60192.  Serta also operates its business at 61 Leona Drive, Middleborough, Plymouth County, Massachusetts, 02346, and its Resident Agent for service is Corporate Service Company, 84 State Street, Boston, MA 02109.

**ANSWER NO. 2**

Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

### JURISDICTION AND VENUE

**PARAGRAPH NO. 3**

This court has subject matter jurisdiction over the dispute described in this Complaint pursuant to 28 U.S.C., § 1332, in that Plaintiff Croft is a citizen of the Commonwealth of Massachusetts, all of the defendants are citizens of the State of Illinois and the amount in controversy between them exceeds the amount of $75,000.00 and pursuant to 28 U.S.C., § 1367 (supplemental jurisdiction).

**ANSWER NO. 3**

Paragraph 3 of Plaintiff's Complaint purports to state a legal conclusion, to which no responsive pleading is required.  To the extent that a response is required, Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

**PARAGRAPH NO. 4**

Venue is proper in this court pursuant to 28 U.S.C., § 1391(a) because a substantial part of the events or omissions giving rise to this dispute occurred within this district.

**ANSWER NO. 4**

Paragraph 4 of Plaintiff's Complaint purports to state a legal conclusion, to which no responsive pleading is required.  To the extent that a response is required, Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

## THE FACTS

**PARAGRAPH NO. 5**

S-N Bedding Co., Inc., employed Plaintiff Croft in May 1999 as Vice President of Sales, in Middleborough, Massachusetts.

**ANSWER NO. 5**

Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

**PARAGRAPH NO. 6**

Defendant Serta entered into an Asset Purchase Agreement by which it purchased S-N Bedding Co., Inc.

**ANSWER NO. 6**

Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

**PARAGRAPH NO. 7**

Due to the Asset Purchase Agreement, Plaintiff Croft began working for Defendant Serta in June 1999 as Vice President of Sales.

**ANSWER NO. 7**

Defendant admits only that Plaintiff Croft's employment with Defendant as Vice President of Sales became effective upon consummation of the transactions contemplated by the Asset Purchase Agreement on July 17, 1999. Defendant denies each and every other of the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

**PARAGRAPH NO. 8**

Plaintiff Croft worked for Defendant Serta beginning on June 22, 1999, after entering into an Employment Agreement on (the "Employment Agreement") attached hereto as Exhibit 1, paragraph 1.

**ANSWER NO. 8**

Defendant admits only that it entered into an employment agreement with Plaintiff on June 22, 1999 (Exhibit 1 to Plaintiff's Complaint), which did not become effective until "consummation of the transactions contemplated by the Asset Purchase Agreement;" and Defendant further admits only that Plaintiff Croft's employment with Defendant became effective upon consummation of the transactions contemplated by the Asset Purchase Agreement on July 17, 1999. Defendant denies each and every other of the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

**PARAGRAPH NO. 9**

The Employment Agreement was for a two-year term expiring on June 22, 2001, after which the term automatically renewed for periods of one year thereafter, unless earlier terminated as provided in the Employment Agreement. Exhibit 1, paragraph 1.

**ANSWER NO. 9**

Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

**PARAGRAPH NO. 10**

Under the Employment Agreement, Defendant Serta could terminate Plaintiff Croft's employment effective after the original term upon giving written notice to Plaintiff Croft sixty days prior to the end of the original term or the end of any subsequent one year renewal period. Exhibit 1, paragraph 12.

**ANSWER NO. 10**

Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

**PARAGRAPH NO. 11**

Under the Employment Agreement, Plaintiff Croft could terminate the Employment Agreement effective after the original two-year term upon giving written notice six month's prior to the end of the original term or the end of any subsequent one year renewal period. Exhibit 1, paragraph 12.

**ANSWER NO. 11**

Defendant admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

**PARAGRAPH NO. 12**

In November and December 2000, Plaintiff Croft discussed renegotiating the terms of the contract with Robert Sherman, President and agent of Defendant Serta.

**ANSWER NO. 12**

Defendant admits only that, in or about December 2000, Plaintiff Croft and Robert Sherman attempted to negotiate the terms of a new employment agreement. Defendant denies each and every other of the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

**PARAGRAPH NO. 13**

On December 20, 2000, in accordance with the notice provisions of the Employment Agreement, Plaintiff Croft gave Defendant Serta timely notice of intention to terminate, unless Defendant Serta successfully renegotiated the terms of Plaintiff Croft's continued employment. Exhibit 2.

**ANSWER NO. 13**

Defendant admits only that, on December 20, 2000, in accordance with the notice provisions of the original Employment Agreement, Plaintiff Croft, through a letter from his counsel, provided Defendant timely notice of his intention to terminate his employment, effective June 22, 2001, and further admits only that in this letter from Plaintiff's counsel, Plaintiff stated that he was willing to discuss and negotiate the terms of a new employment agreement. Defendant denies each and every other of the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint.

**PARAGRAPH NO. 14**

After Defendant Serta received the December 2000 letter, the parties renegotiated the terms of the Employment Agreement.

**ANSWER NO. 14**

Defendant admits only that the parties attempted to negotiate the terms of a new employment agreement and exchanged proposals, but they never agreed on the terms of a new employment agreement.  Defendant denies each and every other of the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

**PARAGRAPH NO. 15**

In a memo dated January 5, 2001 ("January 5, 2001 Memo," Exhibit 3), Defendant Serta modified the Employment Agreement by paying Plaintiff Croft a new yearly salary of $212,000.00, an amount it commenced paying him on February 1, 2001.

**ANSWER NO. 15**

Defendant denies each and every allegation contained in Paragraph 15 of Plaintiff's Complaint.

**PARAGRAPH NO. 16**

In a memo dated February 5, 2001 ("February 5, 2001 Memo," Exhibit 4), Defendant Serta modified the Employment Agreement by extending the contract length to December 31, 2004, and among other material terms, adopted a special bonus program.

**ANSWER NO. 16**

Defendant denies each and every allegation contained in Paragraph 16 of Plaintiff's Complaint.

**PARAGRAPH NO. 17**

Based on Defendant Serta's offer of modified terms, Plaintiff Croft rescinded his timely notice of intention to terminate, accepted the renegotiated terms of continued employment and continued to be employed and continued to perform services for Defendant Serta under the new contract terms.

**ANSWER NO. 17**

Defendant denies each and every allegation contained in Paragraph 17 of Plaintiff's

Complaint.

**PARAGRAPH NO. 18**

The Employment Agreement (Exhibit 1), the January 5, 2001 Memo (Exhibit 3) and the February 5, 2001 Memo (Exhibit 4) (hereinafter "Contract") comprise the agreed to terms of Plaintiff Croft's employment with Defendant Serta, upon which Plaintiff Croft relied by continuing to perform services.

**ANSWER NO. 18**

Defendant denies each and every allegation contained in Paragraph 18 of Plaintiff's

Complaint.

**PARAGRAPH NO. 19**

At all times, Defendant Serta's acts and conduct indicate that it intended to be bound by the provisions of the Contract.

**ANSWER NO. 19**

Defendant denies each and every allegation contained in Paragraph 19 of Plaintiff's

Complaint.

**PARAGRAPH NO. 20**

Commencing on February 1, 2001, Defendant Serta paid Plaintiff Croft $212,000.00 per year salary.  Exhibit 3.

**ANSWER NO. 20**

       Defendant admits the allegations contained in Paragraph 20 of Plaintiff's Complaint.

**PARAGRAPH NO. 21**

       Commencing on February 5, 2001, the term of Plaintiff Croft's employment was extended through December 31, 2004. Exhibit 4.

**ANSWER NO. 21**

       Defendant denies each and every allegation contained in Paragraph 21 of Plaintiff's Complaint.

**PARAGRAPH NO. 22**

       Commencing on February 5, 2001, Plaintiff Croft was entitled to salary increases of 5% per year. Exhibit 4.

**ANSWER NO. 22**

       Defendant denies each and every allegation contained in Paragraph 22 of Plaintiff's Complaint.

**PARAGRAPH NO. 23**

       Commencing on February 5, 2001, Plaintiff Croft was entitled to a bonus in 2001 of up to 50% of Plaintiff Croft's yearly salary, with a maximum of 10% of the Middleborough plant's profits. Exhibit 4.

**ANSWER NO. 23**

       Defendant denies each and every allegation contained in Paragraph 23 of Plaintiff's Complaint.

**PARAGRAPH NO. 24**

Commencing on February 5, 2001, Plaintiff Croft was entitled to a bonus in 2002 and beyond of up to 50% of Plaintiff Croft's yearly salary if the plant's profits were less than 10% and, if the Middleborough plant's profits exceeded 10%, a maximum of 1% point higher. Exhibit 4.

**ANSWER NO. 24**

Defendant denies each and every allegation contained in Paragraph 24 of Plaintiff's Complaint.

**PARAGRAPH NO. 25**

Commencing on February 5, 2001, if Plaintiff Croft was terminated by Serta, his salary would be paid through December 31, 2004, and he would be subject to a one-year non-compete in exchange for two additional years of compensation. Exhibits 1, 3 and 4.

**ANSWER NO. 25**

Defendant denies each and every allegation contained in Paragraph 25 of Plaintiff's Complaint.

**PARAGRAPH NO. 26**

The Contract is a valid and binding contract.

**ANSWER NO. 26**

Defendant denies each and every allegation contained in Paragraph 26 of Plaintiff's Complaint.

**PARAGRAPH NO. 27**

At all times Plaintiff Croft performed under the Contract.

**ANSWER NO. 27**

Defendant denies each and every allegation contained in Paragraph 27 of Plaintiff's Complaint.

**PARAGRAPH NO. 28**

Defendant Serta failed to give timely notice of its termination of Plaintiff Croft's employment.

**ANSWER NO. 28**

Defendant denies each and every allegation contained in Paragraph 28 of Plaintiff's Complaint.

**PARAGRAPH NO. 29**

Defendant Serta terminated Plaintiff Croft's employment without cause on September 19, 2001.

**ANSWER NO. 29**

Defendant admits only that it terminated Plaintiff's at-will employment on September 19, 2001. Defendant denies each and every other of the remaining allegations contained in Paragraph 29 of Plaintiff's Complaint.

**PARAGRAPH NO. 30**

Defendant Serta paid Plaintiff Croft through September 30, 2001, representing seven days of vacation pay.

**ANSWER NO. 30**

Defendant admits the allegations contained in Paragraph 30 of Plaintiff's Complaint.

**PARAGRAPH NO. 31**

Defendant Serta breached its Contract by failing to reimburse Plaintiff Croft for the expenses he incurred on behalf of Defendant Serta and for which he submitted an expense report in accordance with the Contract.

**ANSWER NO. 31**

Defendant denies each and every allegation contained in Paragraph 31 of Plaintiff's Complaint.

**PARAGRAPH NO. 32**

Defendant Serta breached its Contract by failing to pay Plaintiff Croft his salary and bonuses after September 2001.

**ANSWER NO. 32**

Defendant denies each and every allegation contained in Paragraph 32 of Plaintiff's Complaint.

**PARAGRAPH NO. 33**

Plaintiff Croft made a demand for the damages necessary to make him whole for Serta's breach of contract.

**ANSWER NO. 33**

Defendant admits only that, through his counsel, Plaintiff made a demand for payment of alleged damages; but denies each and every other of the remaining allegations contained in Paragraph 33 of Plaintiff's Complaint.

**PARAGRAPH NO. 34**

Defendant Serta made it clear that it had no intention of honoring its obligations under the Contract to pay Mr. Croft the damages to which he is entitled.

**ANSWER NO. 34**

Defendant admits only that it notified Plaintiff, through counsel, that it would not provide Plaintiff any additional compensation because he did not have any basis for his claims; but denies each and every other of the remaining allegations contained in Paragraph 34 of Plaintiff's Complaint.

**PARAGRAPH NO. 35**

Litigation is necessary to enforce the Contract and, thus, Plaintiff Croft is incurring legal fees to enforce his rights under the Contract and he is entitled to his fees, as provided therein. Exhibit 1.

**ANSWER NO. 35**

Defendant denies each and every allegation contained in Paragraph 35 of Plaintiff's Complaint.

## COUNT I
### (Declaratory Judgment)

**PARAGRAPH NO. 36**

Plaintiff Croft repeats and incorporates herein by reference the allegations set forth in paragraphs 1-35 of this Complaint.

**ANSWER NO. 36**

Paragraph 36 of Plaintiff's Complaint is a statement of incorporation and does not require a response from Defendant.

**PARAGRAPH NO. 37**

A justifiable controversy exists between the parties with respect to existence and terms of a Contract, the resolution of which will be dispositive of Plaintiff Croft's claims.

**ANSWER NO. 37**

Paragraph 37 of Plaintiff's Complaint purports to state a legal conclusion, to which no responsive pleading is required. To the extent that a response is required, Defendant admits the allegations contained in Paragraph 37 of Plaintiff's Complaint.

**PARAGRAPH NO. 38**

Plaintiff Croft seeks a declaratory judgment pursuant to 28 U.S.C., § 2201 and he asks this Court to determine that he is entitled to damages through December 31, 2004, on his Contract.

**ANSWER NO. 38**

Paragraph 38 of Plaintiff's Complaint purports to state Plaintiff's request for relief, to which no responsive pleading is required. To the extent that a response is required, Defendant denies each and every allegation contained in Paragraph 38 of Plaintiff's Complaint.

## COUNT II
### (Breach of Contract)

**PARAGRAPH NO. 39**

Plaintiff Croft repeats and incorporates herein by reference the allegations set forth in paragraphs 1-38 of this Complaint.

**ANSWER NO. 39**

Paragraph 39 of Plaintiff's Complaint is a statement of incorporation and does not require a response from Defendant.

**PARAGRAPH NO. 40**

The Contract is a valid and binding contract.

**ANSWER NO. 40**

Defendant denies each and every allegation contained in Paragraph 40 of Plaintiff's Complaint.

**PARAGRAPH NO. 41**

Plaintiff Croft fulfilled all of his obligations pursuant to the terms of the Contract.

**ANSWER NO. 41**

Defendant denies each and every allegation contained in Paragraph 41 of Plaintiff's Complaint.

**PARAGRAPH NO. 42**

Defendant Serta breached its Contract with Plaintiff Croft by terminating his employment and failing and refusing to pay Plaintiff Croft pursuant to the Contract.

**ANSWER NO. 42**

Defendant denies each and every allegation contained in Paragraph 42 of Plaintiff's Complaint.

**PARAGRAPH NO. 43**

As a direct and proximate result of Defendant Serta's breach of its Contract with Plaintiff Croft, he has been injured and suffered substantial damages in excess of $1,268,168.70.

**ANSWER NO. 43**

Defendant denies each and every allegation contained in Paragraph 43 of Plaintiff's Complaint.

**COUNT III**
**(Promissory Estoppel)**

**PARAGRAPH NO. 44**

Plaintiff Croft repeats and incorporates herein by reference the allegations set forth in paragraphs 1-43 of this complaint.

**ANSWER NO. 44**

Paragraph 44 of Plaintiff's Complaint is a statement of incorporation and does not require a response from Defendant.

**PARAGRAPH NO. 45**

Defendant Serta promised Plaintiff Croft $212,000.00 in salary through December 31, 2001, $212,000 in salary plus a salary increases of 5% per year for each 2002, 2003, and 2004, and a bonus in each of 2001 and thereafter. This promise went into effect on February 5, 2001 and was never revoked.

**ANSWER NO. 45**

Defendant denies each and every allegation contained in Paragraph 45 of Plaintiff's Complaint.

**PARAGRAPH NO. 46**

Plaintiff Croft reasonably relied on Defendant Serta's promise to his detriment.

**ANSWER NO. 46**

Defendant denies each and every allegation contained in Paragraph 46 of Plaintiff's Complaint.

**PARAGRAPH NO. 47**

Defendant Serta breached his promise to Plaintiff Croft.

**ANSWER NO. 47**

Defendant denies each and every allegation contained in Paragraph 47 of Plaintiff's Complaint.

**PARAGRAPH NO. 48**

Plaintiff Croft suffered a detriment as a result of his reasonable reliance on Defendant Serta's promise.

**ANSWER NO. 48**

Defendant denies each and every allegation contained in Paragraph 48 of Plaintiff's Complaint.

**PARAGRAPH NO. 49**

Plaintiff Croft has been injured and suffered damages as a result of his reasonable reliance on Defendant Serta's promise.  Moreover, injustice only can be avoided by enforcing Defendant Serta's promise.

**ANSWER NO. 49**

Defendant denies each and every allegation contained in Paragraph 49 of Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

With respect to each Count of Plaintiff's Complaint, Plaintiff has failed to state a cause of action upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

With respect to all claims founded upon the alleged existence of a contract, the existence of which is hereby denied, any such alleged contract is void and unenforceable for lack of mutuality of obligation, mutuality of assent or mutuality of remedy.

THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the statute of frauds.

FOURTH AFFIRMATIVE DEFENSE

With respect to all claims founded upon the alleged existence of the modification of a contract, the existence of which is hereby denied, any such alleged modification is void and unenforceable for lack of mutuality of obligation, mutuality of assent or mutuality of remedy.

FIFTH AFFIRMATIVE DEFENSE

With respect to all claims founded upon the alleged existence of a contract, the existence of which is hereby denied, there has been a failure of consideration.

## SIXTH AFFIRMATIVE DEFENSE

With respect to all claims founded upon the alleged existence of a contract, the existence of which is hereby denied, any such claims are barred because Plaintiff was an at-will employee at the time of the termination of his employment.

## SEVENTH AFFIRMATIVE DEFENSE

Without conceding that Plaintiff has suffered any damages as a result of any purportedly wrongful act of Defendant, Plaintiff has failed to mitigate his damages.

## **RESERVATION OF RIGHTS CLAUSE**

Defendant reserves its right to amend its answers and to assert any additional affirmative defenses as may become available or apparent during the course of discovery in this case.

        Respectfully submitted,

        DEFENDANT
        NATIONAL BEDDING COMPANY *D/B/A*
        SERTA MATTRESS COMPANY,


        By___/s/ Daniel B. Klein_____
          One of Its Attorneys

Daniel B. Klein, Esq.
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210
(617) 946-4800

Dated: August 6, 2004

## **CERTIFICATE OF SERVICE**

    I, Daniel B. Klein, hereby certify that on this 6th day of August, 2004, a true copy of the foregoing document was served by regular U.S. mail, postage prepaid, to Plaintiff's Counsel, Nancy A. Newark, Esq., Burns & Levinson LLP, 125 Summer Street, Boston, MA 02110.

                                        /s/ Daniel B. Klein_____
                                        Daniel B. Klein

BO1 15658682.1