# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL R. CROFT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )　　　Civil Action No. 04-11487-RWZ |
| | ) |
| NATIONAL BEDDING COMPANY *D/B/A* | ) |
| SERTA MATTRESS COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT'S MOTION FOR LEAVE TO FILE
## AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rules 7, 8, 12 and 15 of the Federal Rules of Civil Procedure and Local Rule 7.1, the Defendant, National Bedding Company *d/b/a* Serta Mattress Company ("Defendant," "Serta" or the "Company"), hereby respectfully requests leave of this Court to file an Amended Answer to Plaintiff Paul R. Croft's ("Plaintiff's" or "Croft's") Complaint in the above-captioned action.  As grounds for this Motion, Defendant states:

1.　　　This case involves claims for breach of contract, promissory estoppel and declaratory judgment.

2.　　　During discovery in this matter, Defendant learned that Plaintiff breached the purported contract at issue in this case by not delivering promptly to Serta certain Company property upon the termination of Plaintiff's employment.  Accordingly, Defendant seeks to amend its Answer to add an Affirmative Defense concerning Plaintiff's failure to fulfill one or more conditions precedent or conditions subsequent.

3.　　　During discovery in this matter, Defendant further learned that following Plaintiff's September 2001 termination, Plaintiff believed in or around October 2001 that: (i) he

had an employment contract with Serta that expired on December 31, 2004; (ii) in accordance

with such purported contract, Serta owed him continued salary payments from October 1, 2001

through December 31, 2004; and (iii) Serta further owed him a two-year "Additional Payment"

of salary in exchange for a one-year post-employment non-competition obligation.  Plaintiff

further knew on or about October 10, 2001 that Serta was commencing payment to Plaintiff of

additional salary *for a two-year period*.  However, despite his belief and knowledge, from

October 2001 through November 2003, Plaintiff silently continued to accept the two-year post-

employment Additional Payment from Serta without objecting or asserting his belief that Serta

also owed him continued salary from October 1, 2001 through December 31, 2004.  Only after

collecting the two years of Additional Payments, did Plaintiff first assert such a belief.

Accordingly, Defendant seeks to amend its Answer to add an Affirmative Defense that Plaintiff

should be estopped from asserting some or all of his claims.

      4.      Plaintiff will not be prejudiced by the granting of this Motion.


      WHEREFORE, Defendant respectfully requests that this Court allow Defendant to file an

Amended Answer to Plaintiff's Complaint, a copy of which is attached hereto at Tab 1.



                      Respectfully submitted,

                      DEFENDANT
                      NATIONAL BEDDING COMPANY *D/B/A*
                      SERTA MATTRESS COMPANY,


                      By    /s/ Daniel B. Klein        
                        One of Its Attorneys


Daniel B. Klein  (BBO #638059)

SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210
(617) 946-4800

Dated: March 25, 2005

## <u>CERTIFICATE OF SERVICE</u>

I, Daniel B. Klein, hereby certify that on this 25th day of March, 2005, a true copy of the foregoing document was served by hand delivery to Plaintiff's Counsel, Nancy A. Newark, Esq., Burns & Levinson LLP, 125 Summer Street, Boston, MA 02110.

_/s/ Daniel B. Klein_____
Daniel B. Klein

BO1 15704664.1