UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAUL R. CROFT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-11487-RWZ |
| ) | |
| NATIONAL BEDDING COMPANY *D/B/A* ) | |
| SERTA MATTRESS COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**

Pursuant to Rules 7, 8, 12 and 15 of the Federal Rules of Civil Procedure and Local Rule 7.1, the Defendant, National Bedding Company *d/b/a* Serta Mattress Company ("Defendant," "Serta" or the "Company"), hereby respectfully submits this Memorandum In Support of Defendant's Motion for Leave to File Amended Answer to Plaintiff's Complaint ("Motion for Leave") in the above-captioned action. For the reasons provided below, the Court should grant Defendant's Motion for Leave.

**PROCEDURAL BACKGROUND**

The Plaintiff, Paul Croft ("Plaintiff" or "Croft"), filed his Complaint in this action on June 30, 2004. In his Complaint, Plaintiff brought claims for breach of contract, promissory estoppel and declaratory judgment arising from a purported employment contract with Serta, his former employer. Defendant filed its Answer, including seven Affirmative Defenses, on August 6, 2004.

The parties exchanged initial disclosures on October 4, 2004, and commenced discovery immediately thereafter. During discovery, the parties exchanged and responded to written

interrogatories and requests for production of documents. In addition, Defendant has taken Plaintiff's deposition, and Plaintiff has taken the deposition of Serta's President, Robert Sherman. Plaintiff also is taking the deposition of Defendant's employee, Julia Guiney, on Friday, March 25, 2005. During the Court's October 19, 2004 Scheduling Conference, the Court established a discovery deadline of April 29, 2005. Rather than scheduling a deadline for filing dispositive motions, the Court set a Scheduling Conference for May 11, 2005, during which the parties will discuss the status of the case and whether either party intends to file a motion for summary judgment. If so, the Court would establish a briefing schedule accordingly.

## **ARGUMENT**

It is well established that "[a] defendant may amend its answer with leave of court "and leave shall be freely given when justice so requires'." *Albertini v. Summit Technical Services, Inc.*, 287 F. Supp.2d 92, 95-96 (D.Mass. 2003) (granting motion for leave to amend answer and add affirmative defense to employment contract claim) (citing Fed.R.Civ.P. 15(a)). Leave to amend generally will be given unless such amendment would be futile, would be prejudicial to the opposing party, or was the result of "undue or intended delay." *Id.* at 95 (quoting *Resolution Trust Corp. v. Gold*, 30 F.3d 251, 253 (1st Cir. 1994)).

In the instant matter, Defendant merely seeks to add two Affirmative Defenses based on information revealed by Plaintiff during discovery. Such amendments will not be futile, as these two Affirmative Defenses are well-grounded, as summarized more fully below. Further, allowing Defendant to add these two Affirmative Defenses certainly will not prejudice Plaintiff because discovery does not close until April 29, 2004; the Court has not yet established a deadline for the filing of summary judgment motions; and the Court has not scheduled a trial date. *See Albertini*, 287 F. Supp.2d at 95-96 (granting motion for leave filed one day before trial

2

commenced). Finally, the amendments sought are not the result of undue or intended delay, as the alleged facts upon which they are based only came to light during discovery in this case.

Indeed, even if Plaintiff contends that he needs to conduct additional discovery concerning these two Affirmative Defenses, if he wants to ask similar interrogatories as he previously served concerning the bases behind these two Affirmative Defenses, the bases already are provided herein. Neither of the two Affirmative Defenses arise out of new facts other than those already disclosed by Plaintiff during discovery. That is, Defendant does not possess any information or evidence concerning the facts underlying these two Affirmative Defenses.

The two Affirmative Defenses that Defendant seeks to add are based on the following developments.

### A. Affirmative Defense Concerning Plaintiff's Failure to Fulfill Conditions Precedent or Conditions Subsequent

Croft claims that his initial Employment Agreement was modified and still effective at the time of his termination in September 2001. He alleges that Paragraph 10 of this Employment Agreement, as purportedly amended, required Serta to pay him continued salary through December 31, 2004. However, even if in effect at the time and if applicable, as Plaintiff claims, Paragraph 10 contains an explicit condition that said amounts "shall be payable only if [Croft has] not breached the provisions of Paragraph 14 [t]hereof." Paragraph 14 of the Employment Agreement incorporated by reference and bound Plaintiff to the obligations contained in an attached Exhibit A, which contained various non-competition and confidentiality obligations. Among the obligations contained therein was an express obligation (Paragraph 1(b)) that Croft deliver promptly to Serta any Company property (as defined therein) upon the termination of his employment. Accordingly, if Croft breached this obligation, the amounts set forth in Paragraph 10 of the Employment Agreement would not be payable.

During discovery in this matter, Plaintiff's deposition and a review of the documents produced by him revealed that Plaintiff breached the alleged contract because he admittedly failed to deliver promptly to Serta certain Company property (business records) after the termination of his employment in September 2001.  Consequently, Defendant seeks to amend its Answer to add an Affirmative Defense concerning Plaintiff's failure to fulfill one or more conditions precedent or conditions subsequent to the alleged contract.

B.     **Affirmative Defense of Estoppel**

During discovery in this matter, Defendant further learned that Plaintiff believed in or around October 2001 that: (i) he had an employment contract with Serta that expired on December 31, 2004; (ii) in accordance with such purported contract, Serta owed him continued salary payments from October 1, 2001 through December 31, 2004; and (iii) Serta further owed him a two-year "Additional Payment" of salary in exchange for a one-year post-employment non-competition obligation.  Discovery confirmed that Plaintiff further knew on or about October 10, 2001 that Serta was commencing payment to Plaintiff of additional salary *for a two-year period*.  However, despite his belief and knowledge, from October 2001 through November 2003, Plaintiff silently continued to accept the two-year post-employment Additional Payment from Serta without objecting or asserting his belief that Serta also owed him continued salary from October 1, 2001 through December 31, 2004.  Only after collecting the two years of Additional Payments, did Plaintiff first assert such a belief.  Accordingly, Defendant seeks to amend its Answer to add an Affirmative Defense that Plaintiff should be estopped from asserting some or all of his claims.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendant's Motion for Leave and allow Defendant to file an Amended Answer to Plaintiff's Complaint, a copy of which is attached to the Motion for Leave at Tab 1.

        Respectfully submitted,

        DEFENDANT
        NATIONAL BEDDING COMPANY *D/B/A*
        SERTA MATTRESS COMPANY,

        By____/s/ Daniel B. Klein_____
           One of Its Attorneys

Daniel B. Klein  (BBO #638059)
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210
(617) 946-4800

Dated:  March 25, 2005

## CERTIFICATE OF SERVICE

I, Daniel B. Klein, hereby certify that on this 25th day of March, 2005, a true copy of the foregoing document was served by hand delivery to Plaintiff's Counsel, Nancy A. Newark, Esq., Burns & Levinson LLP, 125 Summer Street, Boston, MA 02110.

        _/s/ Daniel B. Klein_____
        Daniel B. Klein