UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL R. CROFT,<br>*Plaintiff,*<br><br>v.<br><br>NATIONAL BEDDING COMPANY D/B/A<br>SERTA MATTRESS COMPANY,<br>*Defendant.* | CIVIL ACTION NO. 04CV-11487-RWZ |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
FOR LEAVE TO FILE AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**

Plaintiff Paul Croft ("Mr. Croft") hereby opposes defendant National Bedding Company's *d/b/a* Serta Mattress Company ("Serta") *Motion For Leave To File Amended Answer To Plaintiff's Complaint* to add two additional affirmative defenses. First, Serta seeks to defend its actions by asserting Croft failed to fulfill one or more conditions precedent or conditions subsequent to the contract at issue. Second, Serta seeks to defend its actions by asserting that Croft should be estopped from asserting some or all of his claims set forth in the Complaint. As Serta cannot show that its proposed affirmative defenses should fall into one of the few exceptions to the rule stating that any matter constituting an avoidance or affirmative defense is generally deemed waived unless raised in an answer (Rule 8, Fed. Rule of Civil Proc.), Serta's Motion to Amend should be denied.

**FACTUAL BACKGROUND**

Mr. Croft's original agreement with Serta, dated June 22, 1999, was for a two-year term expiring on June 22, 2001 (the "Employment Agreement"). Thereafter, the term automatically renewed for periods of one year, unless earlier terminated as provided in the Employment Agreement. Under the Employment Agreement, if either party terminated, Serta was obligated

to pay Croft his salary for two years in exchange for a one year covenant not to compete. In a memo dated February 5, 2001 ("Amendment to the Employment Agreement"), Serta modified the Employment Agreement by extending the contract length to December 31, 2004, and, among other material terms, adopted a special bonus program. Serta then unilaterally terminated Mr. Croft (for no cause) on September 19, 2001, and failed to pay him through December 2004, as provided for in the Employment Agreement and Amendment to the Employment Agreement.

Mr. Croft timely filed suit on his breach of contract claim on June 30, 2004. Serta timely filed an Answer, in which it included seven (7) affirmative defenses. The parties have exchanged interrogatories and answers, and requests for production of documents and documents. Three (3) depositions, including those of the parties, have been taken. Currently outstanding is one deposition of a possible witness (currently noticed but not scheduled) and responses to *Defendant's First Request for Admissions to Plaintiff Paul Croft* (due on or before April 27, 2005). Serta now seeks leave to file an Amended Answer with two additional affirmative defenses.

## ARGUMENT

First, Serta seeks to defend its actions by asserting that the Employment Agreement and the Amendment to the Employment Agreement is "void and unenforceable as a result of the failure of Plaintiff to fulfill one or more conditions precedent or conditions subsequent." Second, Serta seeks to defend its actions by asserting that Croft "should be estopped from asserting some or all of his claims set forth in the Complaint." As Serta cannot show that its motion should fall into any of the few exceptions to the rule stating that any matter constituting an avoidance or affirmative defense is generally deemed waived unless raised in an answer (Rule 8, Fed. Rule of Civil Proc.), Serta's Motion to Amend should be denied.

I.  **Serta's Proposed Affirmative Defenses Are Deemed Waived Pursuant To Rule 8(c).**

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Serta was required to assert any and all affirmative defenses in its initial answer. The Rule provides that "any matter constituting an avoidance or affirmative defense" is generally deemed waived unless raised in an answer. The rationale behind this rule is to allow the plaintiff notice of a defendant's intentions, and give the plaintiff "an opportunity to develop any evidence and offer responsive arguments to the defense." Davignon v. Clemmey, 322 F.3d 1, 15 (1st Cir. 2003) (affirmative defense waived pursuant to 8(c) where party failed to raise in answer as required). Serta's failure to raise these affirmative defenses in its original answer results in a waiver of the affirmative defense. Serta's Motion to Amend should be denied.

II. **Serta's Motion To Amend Should Be Denied Because of its Own Undue Delay, the Prejudice to Croft if it is Allowed, and the fact that there are No New Circumstances since the Filing of the Answer to Justify an Amendment.**

Although there are exceptions to Rule 8(c), no such exceptions are applicable here and, therefore, Serta's Motion to Amend should be denied.

Rule 15(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that once a responsive pleading has been served, a party "may amend [its] pleading only by leave of court or by written consent of the adverse party." Courts have discretion to deny leave to amend where there is "undue delay, bad faith, or a dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and the futility of the amendment." Espinosa v. Sisters of the Providence Health Care Sys., Civil Action 03-30259-MAP, 2005 U.S. Dist. LEXIS 4444, at *5 (D. Mass. 2005) (attached hereto at Exhibit A), quoting Foman v. Davis, 371 U.S. 178, 182, 9 L.Ed. 2d 222, 83 S Ct. 227 (1962). Delay, coupled with prejudice to the non-moving party or some other additional factor, will be sufficient grounds to deny a motion to amend.

Resolution Trust Corp. v. Gold, 30 F.3d 251, 252 (1st Cir. 1994). The non-moving party is prejudiced by this undue delay if the amendment will require it to expend additional resources on discovery or if the amendment affects the non-moving party's planned strategy and tactics and would likely require additional time to prepare for trial. See Acosta-Mestre v. Hilton Int'l of PR, 156 F.3d 49, 52 (1st Cir. 1998); Tiernan v. Blyth, Eastman, Dillon & Co., 719 F.2d 1, 4-5 (1st Cir. 1983). Where much time has passed between the relevant pleading and the motion to amend, the movant has the burden to show some valid reason for his neglect or delay. Acosta-Mestre, 156 F.3d at 52.

Serta has no excuse for attempting to bring additional defenses at this advanced stage. Serta's *Motion for Leave to File Amended Answer to Plaintiff's Complaint* should be denied and neither Serta's affirmative defense due to Croft's alleged failure to fulfill one or more conditions precedent or conditions subsequent or Serta's affirmative defense due to estoppel should be allowed.

**A.    Serta's undue delay, the prejudice to Croft if the motion is allowed, and the lack of new circumstances since the filing of the answer should cause the Court to deny Serta's attempt to add an affirmative defense regarding conditions precedent or conditions subsequent.**

Serta first complains that Croft's failure to deliver promptly to Serta any Company property upon the termination of his employment is a failure on Croft's part to fulfill one or more conditions precedent or conditions subsequent to the alleged conduct. *Memorandum in Support of Defendant's Motion for Leave to File Amended Answer to Plaintiff's Complaint* (hereinafter "Serta's Memo"), p. 3-4. Serta fails, however, to meet its burden of showing some valid reason for its neglect or delay in bringing the proposed affirmative defenses and to address the prejudicial effect on Croft.

Serta attempts to argue that it did not know that Croft failed to deliver promptly to Serta

any Company property upon the termination of his employment until this late stage, and therefore, its Motion at this late stage is justified. This assertion, however, is defeated by the procedural posture and facts of this case.

Croft attached "Serta" documents to his Rule 26 disclosures filed October 4, 2004. He produced more "Serta" documents together with his *Response to Defendant's Request for Production of Documents* filed on November 30, 2004. Serta President Robert Sherman's deposition was taken on January 14, 2005, and the deposition of Julia Guiney, Serta's head of human resources, occurred on March 25, 2005, at which Serta hand delivered the present Motion. Finally, Sherman testified to seeing the documents produced in discovery in December 2004. Deposition of Robert Sherman p. 65-66, attached hereto as Exhibit B, referencing Sherman and Croft Deposition Exhibits 17, Bates Stamped No. B&L (Burns & Levinson LLP) 240.

Serta served this motion on March 25, 2005, well after it learned of the existence of the documents at issue, and *after* Croft had taken Sherman's and Guiney's depositions,[1] thus preventing Croft from making inquiry into this affirmative defense. However, even without full disclosure from Serta, Croft inquired of Sherman the following:

Q   Do you have a company policy with regard to how documents are handled"

A   No.

Q   Have you ever made a demand on a former employee for the return of documents?

A   No.

Q   Have you ever sued an employee for the failure to return company documents?

---

[1]   The timing of the motion is also such that the depositions to be taken by Croft are allegedly completed, but Croft did not have Guiney's deposition transcript to use in Opposition to this Motion.

   A No.

Exhibit B, p. 14 -15, 139.

   Serta's delay from October – March is certainly undue, as well as being prejudicial to Croft. First, Croft was prevented from inquiring of Serta regarding this affirmative defense. Second, if the Court grants Serta the relief it seeks to add the affirmative defenses, and as a result Croft is allowed to reopen depositions for the purposes of this area of inquiry, the deponents will have an advantage as the issues about which Croft would inquire have now been laid out and briefed. Third, reopening depositions and the difficulty in scheduling Guiney's deposition (Guiney and her representative, Beth Golub, are in Chicago; Serta's local counsel is in Boston; Croft and his counsel are in Boston; that is five (5) individuals and a time zone difference to accommodate) will most likely cause delay of these proceedings as discovery is schedule to end at the end of this month, and will certainly cause increased expense. Finally, Croft presented Serta with glaring evidence that he was in possession of "Serta" documents in October and November 2004. The information supposedly bringing this affirmative defense to Serta's attention does not constitute new circumstances.

   With the exchange of the vast majority of facts necessary to the presentation of Croft's claims already complete, and Serta's failure to establish that its proposed affirmative defense are not unduly delayed or prejudicial, or that new circumstances warrant allowance of the amendment, Serta's Motion should be denied.

> **B.    Serta's undue delay, the prejudice to Croft if the motion is allowed, and the lack of new circumstances since the filing of the answer should cause the Court to deny Serta's attempt to add an affirmative defense of estoppel.**

Serta next complains that Croft has availed himself of the six (6) year statute of limitations in contract cases. Serta cites to absolutely no authority standing for the proposition that Croft should be punished, or estopped, from timely bringing his contract claim because he received another benefit of the Contract, to which he was entitled. See Exhibit B, p. 131. Croft had numerous reasons for waiting almost <u>three</u> (3) years (not just the two (2) that he received his salary continuation in exchange for the non-compete) to file his Complaint. As he timely brought his contract claim, none of Croft's reasons regarding the timing of his filing are relevant and he certainly should not be estopped from bringing this claim. With the exchange of the vast majority of facts necessary to the presentation of Croft's claims already complete, and Serta's failure to establish that its proposed affirmative defenses are not unduly delayed or prejudicial, or that new circumstances warrant allowance of the amendments, Serta's Motion should be denied.

**III.    Serta's Motion To Amend Should Be Denied Because The Proposed <u>Affirmative Defenses Are Futile.</u>**

Serta has the burden of showing that it should be exempt from the rule deeming all affirmative defenses waived if not raised in the Answer. Serta cannot do so as both the affirmative defenses it seeks to add are futile.

A motion to amend should be denied where the amendment is futile. <u>Luke Bros. v. Krusell</u>, Civil Action No. 94-11701-MWL, 1996 U.S. Dist. LEXIS 1344 (D. Mass. 1996) (attached hereto as Exhibit C) (motion to amend answer denied where the proposed amendment "would be futile or would serve no legitimate purpose.") <u>quoting</u> <u>Correa-Martinez v. Arrillaga-Belendez</u>, 903 F.2d 49, 59 (1st Cir. 1990). The futility of proposed amendments is a well-established basis for denying motions to amend. See, e.g., <u>Piantes v. Pepperidge Farm, Inc.</u>, 875

F. Supp. 929, 937, 940 (D. Mass. 1995) (amendment futile where no evidence to support plaintiff's proposed claim). A motion to amend will fail for futility where the facts underlying proposed amendments are insufficient to support the affirmative defenses asserted. See Hatch v. Dep't. for Children, 274 F.3d 12, 19 (1st Cir. 2001); States Res. Corp. v. Capizzi, Civil Action No. 04-10095-DPW, 2005 U.S. Dist. LEXIS 956, at *58 (D. Mass. 2005) (attached hereto as Exhibit D).

First, regarding Serta's affirmative defense of failure to meet conditions precedent or conditions subsequent, whether Croft breached the contract by having in his possession documents from Serta or not is immaterial. A breach is material only when there is a breach of "an essential and inducing feature of the contract." Prozinski v. Northeast Real Estate Servs., 59 Mass. App. Ct. 599, 609, 797 N.E.2d 415 (Mass. App. Ct. 2003); Lease-It, Inc. v. Mass. Port Authy., 33 Mass. App. Ct. 391, 396, 600 N.E.2d 599 (Mass. App. Ct. 1992), quoting Bucholz v. Green Bros., 272 Mass. 49, 52, 172 N.E. 101 (1930). See Restatement (Second) of Contracts § 237 (1981). Only when a breach is material, will the non-breaching party be relieved of its duties under the contract. See, Ward v. American Mut. Liability Ins. Co., 15 Mass. App. Ct. 98, 99, 443 N.E.2d 1342, 1343 (Mass. App. Ct. 1988), citations omitted (stating, "[i]t is well established that a material breach by one party excuses the other party from further performance under the contract"); Rose v. Regan, 344 Mass. 223 (1962) (stating that although there was a material breach of a contract, lack of harm to the other party rendered the breach immaterial).

Croft's not returning documents upon his termination did not harm or damage Serta. Sherman, on January 14, 2005, admitted that, aside from not doing a good job, Croft did not cause Serta any harm or damages. Exhibit B, p. 139.

Serta has failed to present any testimony as to the value of this proposed affirmative defense, therefore, it has failed to show the amendment would not be futile. As Serta cannot show that its proposed affirmative defense of Croft's alleged failure to meet conditions precedent or subsequent should fall into any of the few exceptions to the rule stating that any matter constituting an avoidance or affirmative defense is generally deemed waived unless raised in an answer (Rule 8, Fed. Rule of Civil Proc.), Serta's Motion to Amend should be denied.

Second, regarding Serta's affirmative defense of estoppel, Serta complains that Croft has availed himself of the six (6) year statute of limitations in contract cases. Serta cites to absolutely no authority standing for the proposition that Croft should be punished, or estopped, from timely bringing his contract claim simply because he received another benefit of the contract, to which he was entitled. Exhibit B, p. 131 Croft had numerous reasons for waiting almost three (3) years (not just the two (2) that he received his salary continuation in exchange for the non-compete) to file his Complaint. As Croft timely brought his contract claim, none of his reasons for the timing of his filing are relevant and he certainly should not be estopped from bringing this claim. There is no value to this proposed affirmative defense as Serta's assertions are not supportable by law. Therefore, allowing this proposed affirmative defense would be futile.

## CONCLUSION

Plaintiff Paul R. Croft respectfully requests that, as Serta cannot show that its proposed affirmative defenses should fall into any of the few exceptions of Rule 8, Fed. Rule of Civil Proc., this Court deny Serta's *Motion For Leave To File Amended Answer*.

Respectfully submitted

By his attorneys

*Nancy A. Newark*

Laura R. Studen, BBO No. 483690
Nancy A. Newark, BBO No. 635320
Burns & Levinson LLP
125 Summer Street
Boston, Massachusetts 02110
Telephone: (617) 345-3000
Facsimile: (617) 345-3299

Dated: April 8, 2005

### CERTIFICATE OF SERVICE

I hereby certify that on this day I served the within Plaintiff's Opposition to Defendant's Motion for Leave to File Amended Answer to Plaintiff's Complaint, by hand delivery to the Defendant's Attorney, Daniel B. Klein, Esq., Seyfarth Shaw LLP, World Trade Center East, Two Seaport Lane, Suite 300, Boston, MA 02210-2028.

*Nancy A. Newark*

Nancy A. Newark

Dated: April 8, 2005