# EXHIBIT H

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Seyfarth Shaw LLP

NOV 3 0 2004

| | |
|---|---|
| PAUL R. CROFT,<br>*Plaintiff,*<br><br>v.<br><br>NATIONAL BEDDING COMPANY D/B/A<br>SERTA MATTRESS COMPANY,<br>*Defendant.* | CIVIL ACTION NO. 04CV-11487-RWZ |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S
## FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Plaintiff, Paul R. Croft, hereby submits these answers to Defendant's First Set of Interrogatories to the Defendant ("Interrogatories").

### GENERAL OBJECTIONS

The following General Objections are applicable to, and are hereby incorporated by reference into, each of Plaintiff's answers to each interrogatory.

A.   Plaintiff objects to the Interrogatories to the extent they seek the disclosure of any information covered by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or doctrine recognized by the Federal Rules of Civil Procedure and case law thereunder, including the doctrine relating to documents prepared in anticipation of litigation. In the event any privileged information is provided by Plaintiff, its production is inadvertent and does not constitute a waiver of any privilege.

B.   Plaintiff objects to the Interrogatories to the extent they exceed 25 in number including all discrete subparts.

## INTERROGATORY NO. 1.

Please state your full name, current address, date of birth, and social security number.

## ANSWER NO 1.

Paul R. Croft, 52 Greenwood Road, Hopkinton, MA 01748, DOB 5/30/60; SSN 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.

## INTERROGATORY NO. 2.

Please identify any person who provided you with any information or assistance in responding to these interrogatories.

## ANSWER NO 2.

No one assisted Plaintiff other than his attorneys.

## INTERROGATORY NO. 3.

Please identify each and every individual whom you believe has knowledge of facts relevant to each and every claim made by Plaintiff in the Complaint, including the individual's last known address and telephone number; and please specify separately, for each, the matters and information about which each has knowledge.

## ANSWER NO 3.

| | Name | Last Known Address and Telephone Number | Matters of Information |
|---|---|---|---|
| a. | Paul Croft | 52 Greenwood Road, Hopkinton, MA 01748  (508) 544-1642 | Contract negotiation, formation, performance, and breach |
| b. | Richard Yulman | Defendant's employee | Contract formation |
| c. | Burton Kaplan | Defendant's employee | Contract formation |
| d. | Robert Sherman | Defendant's employee | Contract negotiation, formation, performance, and |

| | | | |
|---|---|---|---|
| | | | breach |
| e. | Kevin Toman | 81 Fox Run<br>Duxbury, MA<br>(508) 946-4700 x 310 | Plaintiff's performance |
| f. | Jeremiah Reardon | 22 Anthony Street South<br>Dartmouth, MA<br>02748-3503<br>(508) 999-4882 | Contract negotiation, formation, performance, and breach |
| g. | Barbara Bradford | Defendant's employee | Contract |
| h. | Jeff Allen | Defendant's employee | Contract |
| i. | Julie Guiney | Defendant's employee | Contract formation, performance, and breach |
| j. | Kelly Ramson | Defendant's employee | Contract formation, performance, and breach |
| k. | Scott DeSantis | Defendant's employee | Contract, performance |
| l. | Edward Reardon | Defendant's employee | Contract, performance |
| m. | Eric Handman | Defendant's employee | Contract, performance |
| n. | Robert Coppola | Unknown at this time | Contract, performance |
| o. | Laurie Tokarz | Unknown at this time | Contract, performance |

## INTERROGATORY NO. 4.

Please describe completely and in as much detail as possible each and every contract or agreement, whether written or oral, entered into by or between Plaintiff and Defendant.

## ANSWER NO 4.

Plaintiff objects to Interrogatory No. 4 as it is overly broad, unduly burdensome, vague and ambiguous, seeks information that is irrelevant to the subject matter involved in this action, and seeks the description of documents which speak for themselves. Without waiving these objections, Plaintiff states he entered into an Employment Contract with Defendant, dated June 22, 1999, but which he executed June 23, 1999, the terms of which are detailed in the document. On December 20, 2000, Plaintiff, through his attorney, notified Defendants of his intention to terminate his employment unless certain material terms were amended, the terms of which are detailed in the letter. After a series of conversations, the dates of which are impossible to state, the parties agreed that they would attempt to reach mutually agreeable terms under which Plaintiff would continue to work. To that end, on February 5, 2001, Defendant offered to increase Plaintiff's salary to $212,000.00, which is memorialized in a document dated January 5, 2001. Also on February 5, 2001, Defendant offered to extend the term of employment through December 31, 2004, among other amended material terms all of which are detailed in a document. In a telephone conversation with Robert Sherman, Plaintiff accepted the new terms and continued working for Defendant until September 18, 2001, on which date Defendant unilaterally terminated Plaintiff's employment without cause.

## INTERROGATORY NO. 5.

Please describe completely and in as much detail as possible each and every conversation, including the conversation's date, location and participants and substance, by and between Plaintiff, Jeremiah Reardon and/or Kevin Toman, or any of their representative(s) or attorneys, and Defendant or its representatives or attorneys, including without limitation Robert Sherman, Richard Yulman, Burton Kaplan, Barbara Bradford, Jeff Allen, and Julia Guiney, relating or referring to:

    a.      any negotiations or renegotiations of the terms of Croft's original Employment Agreement with Defendant, dated June 23, 1999 (the "Employment Agreement"), including without limitation any offer(s) and/or acceptance(s);

    b.      any negotiations or renegotiations of the terms of a new employment agreement, including without limitation any offer(s) and/or acceptance(s);

    c.      Croft's intention to terminate his Employment Agreement, regardless of whether Croft carried out this intention or merely contemplated it;

    d.      the terms of Croft's employment with Defendant after June 22, 2001;

    e.    the termination of Croft's employment with Defendant;

    f.    any compensation paid to Croft at the time of his termination or subsequent thereto; and

    g.    the out-of-pocket expenses allegedly submitted by you to Defendant for reimbursement that have not been reimbursed.

## ANSWER NO 5.

Plaintiff objects to Interrogatory No. 5 as it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is irrelevant to the subject matter involved in this action. Without waiving these objections, Plaintiff states the following:

Plaintiff's representative(s) or attorneys negotiated the Agreement dated June 22, 1999, and executed by Plaintiff on June 23, 1999. The document is produced with Plaintiff's Rule 26 Disclosures and Plaintiff's Response to Defendant's Request for Production of Documents. Plaintiff has not obtained a statement from Jeremiah Reardon or Kevin Toman regarding their conversations.

Plaintiff never spoke with Burton Kaplan, who negotiated the Agreement dated June 22, 1999, and executed by Plaintiff on June 23, 1999, with Kevin Toman. Plaintiff never spoke with Richard Yulman, who may have negotiated with Kevin Toman. Plaintiff never spoke with Julie Guiney, who authored numerous memoranda produced with Plaintiff's Response to Defendant's Request for Production of Documents.

Barbara Bradford, Jeff Allen and Robert Sherman traveled to Middleborough, Massachusetts sometime on the 8th, 9th, 10th or 11th of January 2001 at which time they met with the Serta Sales Representatives working out of the Middleborough plant. On the evening of one of these dates, Ms. Bradford, Mr. Allen and Mr. Sherman met with Plaintiff in response to the December 20, 1999. The individuals inquired of Plaintiff whether he really wanted to leave Serta, or if he would stay. Plaintiff informed them of his desire to renegotiate the contract's terms.

During a meeting of managers held in Chicago on January 30, 31, and February 1, 2001, Plaintiff met with Mr. Sherman. They discussed Plaintiff's desire for a contract renegotiation based on his concerns regarding the length of his contract with Serta, the uncertainty of future raises, and the uncertainty of the method of calculation of his bonus. Mr. Sherman expressed his unhappiness with the non-competition provision in the Agreement dated June 22, 1999, and executed by Plaintiff on June 23, 1999, which held Plaintiff to a one-year non-competition clause in exchange for two-years salary. Mr. Sherman termed the two years "free pay." Plaintiff expressed his understanding of the provision and its merits.

On February 5, 2001, Mr. Sherman sent via facsimile his proposed changes to Plaintiff's employment contract. Plaintiff and Mr. Sherman spoke on the phone and Mr. Sherman told Plaintiff that the Agreement dated June 22, 1999, and executed by Plaintiff

on June 23, 1999, was never terminated, and that this document received by facsimile were changes to that Agreement. Plaintiff agreed to all terms and raised the issue of yearly raises. After discussion, Plaintiff and Mr. Sherman agreed to a 6% raise for 2001, and stated subsequent year's raises would only be 5% per year through the life of the contract. Plaintiff agreed to all terms. Mr. Sherman stated he would have Julie Guiney send a revised memoranda regarding Plaintiff's 2001 salary, which she did, in a document dated January 5, 2001.

On Tuesday, September 18, 2001, Jeff Allen met with Plaintiff in the morning in Middleborough and informed Plaintiff that he was terminated without cause. Plaintiff did not say anything for a few moments and Mr. Allen stated, "Don't shoot the messenger." Plaintiff packed up his things and left.

### INTERROGATORY NO. 6.

Please describe completely and in as much detail as possible each and every conversation, including the conversation's date, location and participants and substance, by and between Plaintiff, or any of his representative(s), and all persons other than your attorney with whom you had a conversation relating or referring to:

    a.    any negotiations or renegotiations of the terms of Croft's original Employment Agreement with Defendant, dated June 23, 1999 (the "Employment Agreement"), including without limitation any offer(s) and/or acceptance(s);

    b.    any negotiations or renegotiations of the terms of a new employment agreement, including without limitation any offer(s) and/or acceptance(s);

    c.    Croft's intention to terminate his Employment Agreement, regardless of whether Croft carried out this intention or merely contemplated it;

    d.    the terms of Croft's employment with Defendant after June 22, 2001;

    e.    the termination of Croft's employment with Defendant;

    f.    any compensation paid to Croft at the time of his termination or subsequent thereto; and

    g.    the out-of-pocket expenses allegedly submitted by you to Defendant for reimbursement that have not been reimbursed.

**ANSWER NO 6.**

Plaintiff objects to Interrogatory No. 6 as it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is irrelevant to the subject matter involved in this action. Without waiving these objections, Plaintiff states the following:

Kevin Toman, Jeremiah Reardon, and Plaintiff's representative discussed the Agreement dated June 22, 1999, and executed by Plaintiff on June 23, 1999. They negotiated the Agreement with Burt Kaplan and Defendant's representative.

Plaintiff discussed the December 20, 1999, letter with Kevin Toman. Plaintiff's representative discussed the December 20, 1999, letter with Kevin Toman. After receipt of the letter, Defendant terminated Mr. Toman's employment and paid Mr. Toman through the term of the contract. After Mr. Toman's termination, Plaintiff did not discuss the negotiations or the terms ultimately reached with him.

Plaintiff discussed the Agreement dated June 22, 1999, and executed by Plaintiff on June 23, 1999, and the December 20, 1999, letter with Jeremiah Reardon. Plaintiff's representative discussed the Agreement dated June 22, 1999, and executed by Plaintiff on June 23, 1999, and the December 20, 1999, letter with Jeremiah Reardon.

Plaintiff discussed the negotiations occurring after the December 20, 1999 letter, the subsequent contract terms, the compensation received from Defendants, the termination of his employment and his out-of-pocket expenses with Jeremiah Reardon.

Jeremiah Reardon turned in Plaintiff's final expense reimbursement request to Perry Vockrodt.

Plaintiff discussed the termination of his employment with Kevin Toman.

**INTERROGATORY NO. 7.**

Please describe completely and in as much detail as possible each and every document, record, recording, correspondence and/or notes relating or referring to:

    a.    any negotiations or renegotiations of the terms of Croft's original Employment Agreement with Defendant, dated June 23, 1999 (the "Employment Agreement"), including without limitation any offer(s) and/or acceptance(s);

    b.    any negotiations or renegotiations of the terms of a new employment agreement, including without limitation any offer(s) and/or acceptance(s);

c.  Croft's intention to terminate his Employment Agreement, regardless of whether Croft carried out this intention or merely contemplated it;

d.  the terms of Croft's employment with Defendant after June 22, 2001;

e.  the termination of Croft's employment with Defendant;

f.  any compensation paid to Croft at the time of his termination or subsequent thereto; and

g.  the out-of-pocket expenses allegedly submitted by you to Defendant for reimbursement that have not been reimbursed.

## ANSWER NO 7.

Plaintiff objects to Interrogatory No. 7 as it is overly broad, unduly burdensome, vague and ambiguous, seeks information that is irrelevant to the subject matter involved in this action, and seeks a description of documents being produced pursuant to Plaintiff's Response to Defendant's Request for Production of Documents, Bates Stamped numbers B&L 001 – B&L 371, which speak for themselves. Pursuant to Rule 33(d) of the Rules of Civil Procedure, Plaintiff refers Defenant to these buisiness records being produced as the burden of ascertaining the answer to this Interrogatory is substantially the same for Defendants as it is for Plaintiff.

## INTERROGATORY NO. 8.

Please identify each and every person who has been contacted or interviewed by you or your representatives in connection with this matter, whether or not you intend to call this person as a witness in this matter.

## ANSWER NO 8.

Plaintiff objects to Interrogatory No. 8 as it seeks information which would violate the attorney work-product privilege. Without waiving these objections, Plaintiff states that Jeremiah Reardon and Kevin Toman have discussed this matter with either Plaintiff or his representatives.

## INTERROGATORY NO. 9.

Please state whether you, your attorney, or any other representative(s) have any statement(s) of witness(es), signed or otherwise in writing, adopted or approved by the person making it, or any stenographic, mechanical, electrical or other recording or a

transcription thereof, made by a party or non-party declarant regarding the subject matter of this case or concerning the actions of any party or witness therein except statements made by a party to his or her attorney.

**ANSWER NO 9.**

The Plaintiff objects to Interrogatory No. 9 as it seeks information the production of which would violate the attorney work-product privilege. Without waiving this objection, Plaintiff states he does not have any statement of witnesses regarding the subject matter of this case or concerning the actions of any party or witness therein except statements made by him to his attorney.

**INTERROGATORY NO. 10.**

For each statement identified in Interrogatory No. 9 above, state the name, last-known address and last-known telephone number of each declarant, the present location of the statement, and the name(s), address(es) and present location of any person(s) who has/have custody at this time of any such materials and indicate the name(s), address(es) and job title(s) or capacity of the person(s) who obtained such material from the declarant.

**ANSWER NO 10.**

Plaintiff refers to and incorporates his Answer No. 9.

**INTERROGATORY NO. 11.**

If you maintained any documents relating to your employment with Serta and/or S-N Bedding Co. (other than documents prepared for or by your attorney in this litigation), including but not limited to business records, tapes, recordings, diary entries, notes, journals, calendars, chronologies of events, logs, copies of correspondence, e-mails, tapes and records regarding any meetings, conferences or conversations with officers or employees of Serta or S-N Bedding Co. concerning your job duties, responsibilities, functions and performance evaluations, whether formal or informal

evaluations, any business-related airline or other travel tickets, receipts and/or itineraries, and any business-related hotel invoices or receipts, please identify each such document.

**ANSWER NO 11.**

Plaintiff objects to Interrogatory No. 11 as it is overly broad, unduly burdensome, vague and ambiguous, seeks information that is irrelevant to the subject matter involved in this action, and seeks a description of documents which speak for themselves. Further answering, pursuant to Local Rule 33.1 of the Massachusetts Rules of Court, Federal, Plaintiff refers Defendant to the documents produced with Plaintiff's Response to Defendant's First Request for Production of Documents, Bates Stamped numbers B&L 001 – B&L 371, which contain business records, notes, copies of correspondence, records of meetings, conferences and conversations with officers or employees concerning Plaintiff's job duties, responsibilities, functions and performance, and expenses.

**INTERROGATORY NO. 12.**

Please itemize separately and in full and complete detail, each and every element of legally recoverable damages that you claimed to have suffered as a result of the conduct for which you allege Defendant is liable. For each such element of damage, please (i) specify the nature of the claimed damage, (ii) identify the gross monetary amount of that claim of damage, as well as the net amount of that claim of damage after taking into account any mitigation of damages, (iii) set forth the method of calculation of such damages, (iv) identify by whom it was calculated, and (v) identify any documents evidencing such monetary amount or calculations.

**ANSWER NO 12.**

Plaintiff has calculated his damages to include the following:

- (a) $ 761,135.52, representing Mr. Croft's Annual Salary for the remaining term, *i.e.,* from the date of termination (September 18, 2001) to December 31, 2004 (the end of the term) including the 5% increase per year as provided for in the Memo Agreement, or $59,389.02 + $222,600 + $233,730 + $245,416.50;

- (b) $ 76,320.00, representing Plaintiff's bonus for 2001;

(c) $350,873.25, representing a bonus of 50% of Plaintiff's salary for each of the years 2002, 2003 and 2004 as provided for in the Agreement;

(d) $45,659.68, representing out-of-pocket expenses submitted for reimbursement not yet reimbursed;

(e) Plaintiff's attorneys fees and costs, not yet determined.

Plaintiff's Rule 26 Disclosures and documents Bates Stamped numbers B&L 001 – B&L 371 evidence the contract and expenses under which Plaintiff calculated these amounts.

### INTERROGATORY NO. 13.

Please describe in detail all remuneration, earnings, property (real or personal), funds and/or monies of any type which you have applied for, received, been offered, become eligible for, or accepted, from January 1, 1999 to the present, including, but not limited to wages, consulting fees, social security benefits, AFDC benefits, rehabilitation benefits, disability benefits, workers' compensation benefits, unemployment benefits, settlement proceeds, winnings from gambling establishments or lotteries, prizes, awards, commissions, tips, inheritances, trust funds (principal and/or income), tax refunds, gifts, severance payments or benefits, personal loans from private individuals and monies received in return for independent contractor services. Said description should include the amount, the date received and the identity of the source of each amount.

### ANSWER NO 13.

The Plaintiff objects to Interrogatory No. 13 as it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is irrelevant to the subject matter involved in this action and which is not reasonably calculated to lead to the discovery of admissible evidence.

### INTERROGATORY NO. 14.

Please describe all efforts made by you to locate employment since September 1, 2001, including a description of each attempt to find employment you have made, (*e.g.*

searching or placing want ads, contacting placement agencies, submitting a resume, writing a letter, etc.); the dates and nature of each attempt; the name, address and phone number of each and every employer with whom you have made contact, interviewed, or formally or informally applied for employment, including dates of interviews or contacts, whether the employer made any response to your application, and, if so, what the employer's response was; if you were not offered any position or employment with the employer, the reason you were not; and identify all documents which constitute, record or refer to any communication between the prospective employer and you or anyone acting on your behalf.

**ANSWER NO 14.**

The Plaintiff objects to Interrogatory No. 14 as it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is irrelevant to the subject matter involved in this action and which is not reasonably calculated to lead to the discovery of admissible evidence. Further answering, Plaintiff states that for a period of one year, from October 1, 2001, through October 1, 2002, he was subject to a non-competition agreement with Defendant by which he abided. Without waiving his objections, Plaintiff states that he has started his own contracting and building business, Paul Croft Builders, which is a sole proprietorship and from which he has not taken a salary.

**INTERROGATORY NO. 15.**

Please identify each and every employer with whom you have been employed from September 1, 2001 to the present, including without limitation any self-employment. Please include in your response: the period during which you were or have been employed by that employer; the position or positions held with that employer; a brief description of the responsibilities of the position or positions held and the dates during which you held those positions; the rate or rates of pay you received during your employment with that employer; and the periods during which you received pay at each of those rates; any other compensation or benefits you have received during employment

which that employer, and the periods during which you received that compensation and those benefits; and if you are no longer employed by that employer, please state the date upon which your employment ended and the reason for that occurrence. If between October 1, 2001 and the date you answer this interrogatory there was any period during which you were not employed and were not making any active attempt to obtain employment, please state the reason why you were not making any active attempt to obtain employment and the relevant dates.

**ANSWER NO 15.**

Plaintiff refers to and incorporates his Answer No. 14.

**INTERROGATORY NO. 16.**

With the exception of this lawsuit, have you ever been a party to a lawsuit, administrative charge or complaint, disciplinary proceeding or settlement of rights, and if so, for each such circumstances please identify; the names and addresses of the parties to the lawsuit, charge, complaint, disciplinary proceeding or settlement, the nature and substance of the claims alleged, the commencement date for each such lawsuit, charge, complaint, disciplinary proceeding or settlement, the agency or other forum with which it was filed and the status and/or outcome of the proceeding, including but not limited to a description of the verdict issued or settlement terms; and each document upon which you are relying in answering this interrogatory, or which relates to the information that this interrogatory requests.

**ANSWER NO 16.**

The Plaintiff objects to Interrogatory No. 16 as it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is irrelevant to the subject matter involved in this action and which is not reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 17.

Please identify each witness whom you intend to call at trial in this matter and for each witness, state:

a. the name, home address and business address of the witness;

b. a full, complete, and detailed description of the subject matter upon which the witness is expected to testify.

## ANSWER NO 17.

Plaintiff has not determined, at this time, which witnesses he intends to call at trial.

## INTERROGATORY NO. 18.

Please identify each expert witness whom you intend to call at trial of this matter, and for each expert witness, please provide a complete statement of all opinions to be expressed and the basis and reason therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

## ANSWER NO 18.

Plaintiff does not intend to call an expert witness at trial of this matter.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 29th DAY OF November, 2004.

_____
Paul R. Croft

As to objections,

Respectfully submitted,
By PAUL R. CROFT
By his attorneys

_____
Laura R. Studen, BBO #483690
Nancy A. Newark, BBO#635320
Burns & Levinson LLP
125 Summer Street
Boston, Massachusetts 02110
Telephone: (617) 345-3000
Facsimile: (617) 345-3299

Dated: November 29, 2004

J:\Docs\24315\00001\00875598.DOC

- 14 -

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 30 DAY OF NOVEMBER, 2004.

_____
Paul R. Croft

As to objections,

Respectfully submitted,
By PAUL R. CROFT
By his attorneys

*Nancy A Newark*
Laura R. Studen, BBO #483690
Nancy A. Newark, BBO#635320
Burns & Levinson LLP
125 Summer Street
Boston, Massachusetts 02110
Telephone: (617) 345-3000
Facsimile: (617) 345-3299

Dated: November 30, 2004

J:\Docs\24315\00001\00875598.DOC