# EXHIBIT I

**BURNS & LEVINSON LLP**

Counsellors at Law

125 Summer Street, Boston, MA 02110-1624
Telephone 617-345-3000 Facsimile 617-345-3299

LAURA R. STUDEN
617-345-3325
LStuden@burnslev.com

April 23, 2004

Robert Sherman, President
Serta Mattress Company
5401 Trillium Blvd., Suite 250
Hoffman Estates, IL 60192

    *Re:   Paul Croft*

Dear Mr. Sherman:

    As you know, along with Attorney Nancy A. Newark and Burns & Levinson, I represent Paul Croft, and represented Mr. Croft in June of 1999 when he entered into an Employment Agreement with Serta Mattress Company ("Original Agreement.")  As you also know, the material terms of the Original Agreement were modified twice, once by Letter Agreement (attached hereto) and again in a memo, sent by you, to Mr. Croft on February 5, 2001 ("Memo Agreement," attached hereto.)

    Mr. Croft's Original Agreement with National Bedding, dated June 22, 1999, was for a two-year term expiring on June 22, 2001.  On January 5, 2001, the Letter Agreement increased Mr. Croft's salary to $212,000.00.  On February 5, 2001, the Memo Agreement extended the term of employment through December 31, 2004, among other amended material terms. National Bedding then unilaterally terminated Mr. Croft on September 19, 2001.

    National Bedding has breached its contract with Mr. Croft.  First, the Original Contract contained a start date of June 22, 1999, yet National Bedding failed to pay Mr. Croft for the first three weeks of employment; check your records.  Therefore, National Bedding owes Mr. Croft unpaid compensation of $11,538.46 (reflected in paragraph (f) below.)  Second, National Bedding owes Mr. Croft the balance owed to him on his contract for his salary and bonus as established in the Memo Agreement.  Third, National Bedding failed to reimburse Mr. Croft for his expenses incurred as its employee, and for his accrued yet unused vacation pay.

    The damages to Mr. Croft total $1,283,784.00 and are calculated as follows:

    a)    $ 761,135.52, representing Mr. Croft's Annual Salary for the remaining term, *i.e.*, from the date of termination (September 19, 2001) to December 31, 2004 (the end of the term) including the 5% increase per year as provided for in the Memo Agreement, or $59,389.02 + $222,600 + $233,730 + $245,416.50;

## BURNS & LEVINSON LLP
Counsellors at Law

Robert Sherman, President
April 23, 2004
Page 2

    b)    $ 91,160.00, representing Mr. Croft's bonus for 2001;

    c)    $350,873.25, representing a bonus of 50% of Mr. Croft's salary for each of the years 2002, 2003 and 2004 as provided for in the Memo Agreement;

    d)    $65,000.00, representing out-of-pocket expenses submitted for reimbursement to Perry Vockrodt, not yet reimbursed;

    e)    $4,076.92, representing the remainder of Mr. Croft's unpaid vacation pay; and

    f)    $11,538.46, representing three (3) weeks of pay which National Bedding failed to pay Mr. Croft in June 1999, during which period Mr. Croft worked for National Bedding.

Please contact me within five business days of your receipt of this letter to discuss when the payments due to Mr. Croft will be made. If I do not hear from you, Mr. Croft will file suit for breach of contract and other claims, including a claim for the attorneys' fees and costs he incurs in enforcing his employment contract as provided for in the Original Agreement and a claim for treble damages as provided for under the Massachusetts Wage Act, M.G.L. c. 149 § 150.

Sincerely,

Laura R. Studen

LRS/nn

cc:    Mr. Paul Croft
       Nancy A. Newark, Esq

# Memo

**Date:** 01/05/2001          *Revised*

**To:**   Paul Croft          Boston

**From:** Julie Guiney, Human Resources Manager

**RE:**   2001 Rate Increase

---

This memo is to notify you of scheduled changes to your current rate of pay with National Bedding Company.

      Current annualized salary:   $200,000

      New annualized salary:       $212,000

Your 2001 salary change is scheduled to go into effect on February 1, 2001 and should be reflected in your 02/15/2001 payroll check.

As a matter of information, 2001 salaries were determined by taking several factors into consideration including: the current inflation rate; date of last pay increase; review of internal and external salaries for similar positions; department and plant budgets; and performance-related issues.

Please contact your supervisor or manager if you have any questions regarding this memo.

Contract Length – Thru Dec. 31, 2004

Salary Increases – 5% per year

Bonus – Up to 50% of Salary

    Year 2001 – Max out at 10% Profit

    Year 2002 and beyond – Same as 2001 if profit is less than 10%. Maximum becomes 1 point higher if profits exceed 10%.

If employee quits –
    No non-compete
    No severance

If terminated – Contract dates remain in effect regarding salaries and non-competes.

B&L 006

FEB-05-01 11:56 FROM:SERTA MATTRESS   ID:18476458206   PAGE 1/1