# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAUL R. CROFT, ) | |
| ) | Civil Action No. 04-11487-RWZ |
| Plaintiff, ) | |
| v. ) | |
| NATIONAL BEDDING COMPANY *D/B/A* ) | |
| SERTA MATTRESS COMPANY, ) | |
| Defendant. ) | |

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
### TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SEYFARTH SHAW LLP
Daniel B. Klein, Esquire
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210
617-946-4800

Counsel for the Defendant
National Bedding Company d/b/a Serta
Mattress Company

Plaintiff's Opposition to Defendant's Motion for Summary Judgment (the "Opposition") is replete with misrepresentations of the factual record and the law. In a desperate attempt to create genuine issues of material fact, Plaintiff irresponsibly asserts facts unsupported or directly contradicted by the record. Moreover, Croft misrepresents and misapplies recent case law concerning the Statute of Frauds defense.

I.    **CROFT RAISES NO GENUINE ISSUE OF MATERIAL FACT**[1]

Croft desperately attempts to create genuine issues of material fact by various inappropriate means. On several points, Croft concludes that genuine issues of fact exist without actually citing any such disputed facts.[2] Croft also contends that certain issues of *material* fact exist where such facts are, in fact, immaterial to the instant motion and/or have already been assumed, *arguendo*, by Serta.[3] For instance, no genuine issue of material fact exists concerning whether the parties orally agreed to new or modified terms of Croft's employment. Rather, Defendant assumes, *arguendo*, that Croft and Robert Sherman orally agreed to new or modified terms, and that Sherman faxed the February 5, 2001 fax to Croft, memorializing such terms.[4]

---

[1] In his Opposition and Statement of Facts ("Plaintiff's Statement of Facts"), Croft does not expressly dispute any of the facts asserted in Defendant's Statement of Facts. Rather, Plaintiff responds to Defendant's factual assertions by either stating that the respective paragraph is "undisputed," or by simply adding self-serving elaborations on the factual assertion without disputing Defendant's assertion itself. *See* Plaintiff's Statement of Facts (in which no paragraph is disputed). Accordingly, all of the factual assertions in Defendant's Statement of Facts are undisputed, and the Court should treat them accordingly.

[2] For example, while Croft contends that the question of whether the parties *could* modify the Agreement after the December 20, 2000 termination notice is a question of fact, this issue is clearly one of law for the Court. Similarly, Croft contends that a genuine issue of fact exists concerning whether the Agreement satisfies the Statute of Frauds. On the contrary, this issue is a question of law for the Court.

[3] For instance, while Croft contends that the February 5, 2001 fax evidences the oral modifications, Serta already assumes this allegation as fact, *arguendo*. Likewise, contrary to Plaintiff's contention, there is no dispute concerning whether Croft accepted the offer made by Sherman (Opposition, p. 7) because Serta assumes this fact, *arguendo*.

[4] Therefore, no genuine issue of material fact exists concerning whether Sherman faxed this document or whether Croft and Sherman orally agreed to new or modified terms.

Moreover, although immaterial, Croft attempts to raise issues of fact by irresponsibly asserting certain facts without any admissible evidentiary support and by citing testimony that does not support the allegations. For instance, Croft now alleges that he "rescinded" his notice of intention to terminate the original Agreement (Opposition, p. 4.) Yet, the excerpts cited from his deposition contain no testimony concerning any alleged rescission whatsoever.

Likewise, Plaintiff has not introduced any admissible evidence that Serta acted in accordance with his Agreement as purportedly modified. While Serta paid Croft the Additional Payment pursuant to the non-competition clause, it is "undisputed" (Plaintiff's Statement of Facts, ¶ 13) that Serta believed that its obligation to make this payment survived the termination of the Agreement. Similarly, even as alleged, contrary to Croft's contention now, Serta did not increase Croft's annual salary "after" the parties orally modified the Agreement. The record is undisputed (Plaintiff's Statement of Facts, ¶ 24) that Serta decided to give Croft a raise no later than January 30, 2001, which preceded the February 5, 2001 facsimile and purported meeting of the minds.[5]

Even worse, although immaterial, Plaintiff accuses Serta of possessing two versions of the February 5, 2001 fax, one of which contains no fax line (Opposition, pp. 6-7). However, Plaintiff fails to inform the Court that this version of the document (Ex. F to Opposition, labeled "Serta 173") was, in fact, attached to a letter from *Plaintiff's counsel*, dated April 23, 2004. *See* Letter, attached hereto as Exh. 1.[6]

---

[5] Indeed, the exhibits and deposition excerpts cited by Plaintiff actually contradict this assertion. (*See* Opposition, footnote 21.) Further, notwithstanding Plaintiff's inaccurate characterization of the record concerning Serta's 2002 payment of Jeremiah Reardon's 2001 bonus, Croft simply cannot rely upon any evidence concerning the 2002 payment of Reardon's bonus. Serta's 2002 payment of Reardon's bonus occurred approximately six months *after* Croft's September 2001 termination, and it did not concern *Croft's* Agreement. Accordingly, such evidence is not probative, and, thus, is inadmissible, to the question of whether Serta performed under the purportedly orally modified terms of *Croft's* Agreement *before* Croft's September 2001 termination.

[6] The Court, therefore, must disregard this irresponsible misrepresentation by Plaintiff and should strike the correlating substantive portion of Paragraph 25 of Plaintiff's Statement of Facts. Similarly, Croft attempts to

2

## II.     PLAINTIFF MISCHARACTERIZES AND OVERSTATES *MCKINLEY INVESTMENTS, INC. V. MIDDLEBOROUGH LAND, LLC*

As anticipated, Croft essentially contends that *McKinley Investments, Inc. v. Middleborough Land, LLC* overturns the well-established precedent of *Johnston*, *Stearns* and *Cummings* that "[n]o one can be held responsible for a contract within the Statute that is not in writing." *Johnston v. Holiday Inns, Inc.*, 565 F.2d 790, 794 (1st Cir. 1977).  On the contrary, *McKinley* does not discuss or hold that a plaintiff may *offensively* bring an action upon orally modified terms, as such was not at issue in the case.[7]  Indeed, the Court never even discussed such a broad holding, nor did it state that its decision was changing the law in any manner.  Rather, *McKinley* merely confirmed the expansion of the *Stearns* exception from applying merely to oral modifications of the *time for performance*, to oral modifications of the *mode of performance*, expressly stating that "several cases cited by the [*Rex Lumber*] court did not limit the possibility of oral modification only to time for performance."[8]  62 Mass. App. Ct. at 620.  The *McKinley* Court simply concluded that the modifications at issue affected the time and mode of the plaintiff's performance, and, consequently, the contract, as orally modified, was enforceable *defensively* by the plaintiff, consistent with the *Stearns* exception, as expanded to modes of performance.  Accordingly, Croft's application of *McKinley* is misplaced and baseless.

---

characterize his counsel's December 20, 2000 letter as expressly qualifying his notice of termination as conditional. Croft misleadingly quotes a portion of the letter with a simple ellipsis between two statements, where, in fact, the latter statement was made two paragraphs after the first statement.  (*See* Opposition, p. 3; Ex. B to Plaintiff's Opposition, December 20, 2000 Letter.)  Notwithstanding, Plaintiff cannot now distort the clear and unambiguous language of counsel's letter, which contains no "condition" to the notice of termination whatsoever.

[7] Croft inaccurately represents that McKinley sued on the orally modified terms in question.  On the contrary, McKinley sued for specific performance of the defendant's obligation to sell the land, an obligation arising out of the original written contract rather than from an orally modified term.  *McKinley*, 62 Mass. App. Ct. 616, 617 (App.Ct. 2004).  Indeed, Croft concedes that the modifications in McKinley effected the plaintiff's performance, not the defendant's.  Accordingly, it is disingenuous for Croft to represent that McKinley sued on the oral changes.

[8] The *McKinley* Court reversed the lower court's summary judgment ruling because the District Court erroneously concluded that the oral amendments rewrote the contract rather than substituting performance because the changes went beyond time for performance.  62 Mass. App. Ct. at 616-17.  The Court reversed this decision because oral changes to the mode of performance did not render the contract unenforceable by a plaintiff defensively.  *Id.* at 619-21.

3

Respectfully submitted,

DEFENDANT,
NATIONAL BEDDING COMPANY *D/B/A*
SERTA MATTRESS COMPANY

By its attorneys,


 /s/ Daniel B. Klein
Daniel B. Klein
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210
617-946-4800

Dated: October 21, 2005


**CERTIFICATE OF SERVICE**

    I, Daniel B. Klein, hereby certify that on this 21st day of October, 2005, a true copy of the foregoing document was served electronically to Laura R. Studen, Esq., and Nancy Newark, Esq., Burns & Levinson LLP, 125 Summer Street, Boston, MA 02110, Counsel for Plaintiff.

 /s/ Daniel B. Klein
Daniel B. Klein

4