UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11487-RWZ

PAUL R. CROFT

v.

NATIONAL BEDDING COMPANY d/b/a
SERTA MATTRESS COMPANY

MEMORANDUM OF DECISION

June 20, 2006

ZOBEL, D.J.

On June 23, 1999, plaintiff Paul R. Croft commenced employment as a Vice President of one of defendant Serta Mattress Company's divisions. Plaintiff insisted that the parties execute an employment agreement. His initial annual salary was $200,000, subject to increases at the discretion of defendant's Board. (Pl.'s Opp., Ex. A, ¶ 2). The agreement further provided for a two-year term expiring on June 22, 2001, which would automatically renew for periods of one-year thereafter, unless earlier terminated. (Id. ¶ 1). With respect to termination, the parties agreed that plaintiff could "terminate [his] employment with the Company or any of its Affiliates effective after the Designated Term upon giving written notice to the Company six months' prior to the end of the Designated Term or the end of any subsequent one year renewal period . . . ." (Id. ¶ 12).

On December 20, 2000, approximately six months before the end of the Designated Term, plaintiff's counsel sent defendant's counsel a letter, which stated:

> Pursuant to the terms of the Agreements, the Company was to employ the Executives for a two-year term commencing on June 23, [1999] ("the date hereof") and expiring on June 22, 2001. Under the terms of paragraph twelve of the Agreement[], [plaintiff] may terminate [his] employment with the Company effective after the Designated Term (i.e., June 22, 2001) upon giving written notice to the Company six months prior to the end of the Designated Term[] (i.e., December 21, 2000). In accordance with these terms, consider this letter notice to the Company that [plaintiff] intend[s] to terminate [his] employment effective June 22, 2001.
>
> ***
>
> Although this letter gives timely notice of intention to terminate pursuant to the provisions of the Agreement, [plaintiff is] willing to discuss and negotiate the terms of a new Agreement which extends the terms of their employment substantially under the same terms and conditions as the existing Agreement[]. The substantive changes which [plaintiff] would seek in a new Agreement relate largely to the calculation of bonuses and annual performance bonus awards and to the conditions under which [plaintiff] may terminate and be terminated in the future.

(Id., Ex. B).

For the next several weeks, the parties engaged in discussions aimed at negotiating new terms of employment. Sometime in late January 2001, defendant agreed to give plaintiff an annual salary increase of six percent, effective February 1, 2001. On February 5, 2001, plaintiff received a faxed document from defendant, which listed a number of employment terms, including a term ending December 31, 2004, a five percent annual salary increase, and an annual bonus of up to fifty percent of salary. (Id., Ex. E). The fax did not identify any parties or contain any signatures. Following plaintiff's receipt of the fax, the parties ceased negotiations, and plaintiff continued to work for defendant. In April 2001, plaintiff received a memorandum regarding his 2001 bonus, specifically requiring plaintiff to be employed on December

31, 2001 in order to be eligible to receive a bonus.  (Def.'s Ex. J).  On September 19, 2001, defendant terminated plaintiff's employment.  Pursuant to the parties' non-competition and severance agreements, defendant continued paying plaintiff his annual salary less standard payroll deductions until September 2003.

On July 1, 2004, plaintiff filed a three-count complaint.  The essence of the complaint is that the parties orally agreed to modify the original employment agreement, as documented in the February 5, 2001 fax.  According to plaintiff, the original employment agreement, along with the oral modifications, constituted an enforceable employment "Contract."  (Compl. ¶ 18).  Under the terms of this Contract, plaintiff maintains he was guaranteed employment until December 31, 2004 and was entitled to a five percent annual salary increase and an annual bonus.  (Id. ¶¶ 21-24).  Plaintiff asserts that defendant breached the Contract by failing to give timely notice of his termination, by terminating his employment without cause, and by failing to pay the salary and bonuses to which he was entitled under the Contract.  (Id. ¶¶ 28-29).  Count I seeks declaratory relief, Count II asserts breach of contract, and Count III alleges promissory estoppel.  Defendant now moves for summary judgment, which is appropriate if—viewing the evidence in the light most favorable to plaintiff and drawing all reasonable inferences in plaintiff's favor—no genuine issue of material fact remains.  See Fed. R. Civ. P. 56©; Casas Office Machs., Inc. v. Mita Copystar Am., Inc., 42 F.3d 668, 684 (1st Cir. 1994).  The motion is allowed.

Defendant first argues that plaintiff's contract claim is barred under the Statute of Frauds, M.G.L. c. 259, ¶ 1.  Defendant concedes for purposes of its motion that the

parties orally modified the existing agreement sometime after plaintiff sent the December 20 letter. (Def.'s Reply Mem. 1). Defendant contends, however, that any such oral modification is unenforceable under the Statute of Frauds, since "amendments to a contract that is within the Statute of Frauds are themselves within the Statute of Frauds." Rex Lumber Co. v. Acton Block Co., 29 Mass. App. Ct. 510, 515 (1990).[1] Defendant recognizes that an exception to this rule exists under Cummings v. Arnold, 44 Mass. (3 Met.) 486 (1842), and its progeny, which allows enforcement of subsequent oral modifications of a written agreement. Defendant denies the applicability of the Cummings exception in this case. Relying on the First Circuit's decision in Johnston v. Holiday Inns, Inc., 565 F.2d 790, 793 (1st Cir. 1977), defendant maintains that the exception applies only where a defendant, sued for breach of the written contract, seeks to "show that he has performed it according to an oral agreement for a substituted performance." In other words, the exception may be employed "as [a] shield[] but not as [a] sword[]." Lydon v. Nationwide Mut. Ins. Co., No. 91-11971-NG, 1997 WL 260064, at *8 (D. Mass. 1997).

Plaintiff contends that it may enforce an oral modification to a written agreement under a line of cases extending the Cummings exception, including Rex Lumber Co. and, more recently, McKinley Investments, Inc. v. Middleborough Land, LLC, 62 Mass. App. Ct. 616, 619-20 (2004). These cases do establish a plaintiff's right to "enforce a

---

[1] According to plaintiff himself, the alleged oral modifications guaranteed him employment through December 31, 2004. (Compl. ¶¶ 21, 25; Pl.'s Opp. 14-15). Because any such agreement could not have been performed within one year, it is unenforceable under the Statute of Frauds. See Irving v. Goodimate Co., 320 Mass. 454, 458 (1946).

contract that falls within the Statute of Frauds which has been modified by an oral agreement." Rex Lumber Co., 29 Mass. App. Ct. at 515.  What plaintiff fails to recognize, however, is that this exception to the Cummings exception is still ultimately defensive in nature.  A plaintiff may enforce oral modifications to a written contract when he sues on the written contract and is forced to rely on the oral modifications to "show his own compliance with the contract terms."  Id.  Thus, in both Rex Lumber and McKinley Investments, the parties entered a written contract for the sale of land, and then subsequently orally modified certain performance terms, such as time for performance, extended due diligence periods, and additional contract payments.  In both cases, the deal unraveled and the buyer ultimately sued for specific performance—i.e., completion of the sale to which the parties had originally agreed.  The Appeals Court found in both cases that the subsequent oral modifications to the contract, and, specifically, modifications to the modes of performance of the contract, did not prevent the buyer from enforcing the contract.  In neither case did the Appeals Court hold that the plaintiff was entitled to sue for enforcement of the modifications themselves.  Indeed, in Rex Lumber, the Appeals Court explicitly distinguished between cases in which the plaintiff sued "under an oral modification of a contract subject to the Statute of Frauds," and cases in which the plaintiff sued "under the written contract."  29 Mass. App. Ct. at 516 n.5.  In the former situation, the Cummings exception to the Statute of Frauds does not apply.  Because plaintiff seeks in this case to enforce the oral modifications themselves, rather than suing under the original underlying agreement, and relying on the oral modifications solely to show his own

5

performance, neither the Cummings nor Rex Lumber/McKinley Investments exceptions apply. The Statute of Frauds therefore bars enforcement.

Plaintiff contends that defendant is estopped from asserting a Statute of Frauds defense. In Massachusetts, the elements of equitable estoppel are: (1) "A representation or conduct amounting to a representation intended to induce a course of conduct on the part of the person to whom the representation is made," (2) "An act or omission resulting from the representation, whether actual or by conduct, by the person to whom the representation is made," and (3) "Detriment to such person as a consequence of the act or omission." Frederick v. Conagra, Inc., 713 F. Supp. 41, 45 (D. Mass. 1989) (internal quotation marks omitted).

In this case, plaintiff has identified only one "act" resulting from the alleged misrepresentation—his decision to continue working for defendant after June 22, 2001, the date on which he originally intended to terminate employment, until September 19, 2001, when he was terminated. (Pl.'s Ex. G, at 282). But plaintiff is unable to identify any detriment he suffered as a consequence of this act. In fact, when asked directly whether his decision to continue working "hurt" him, or caused him to "lose any other opportunities," plaintiff answered: "not that I know of." (Id. at 283; see also id. at 285 (plaintiff did not decline other job opportunities or "lose any money from other sources in any way by continuing to work for Serta after June of 2001"). In other words, plaintiff has not even tried to establish that he lost a "sufficiently definite business opportunity" that might support an estoppel claim. Hoppe v. Baxter Healthcare Corp., 878 F. Supp. 303, 313 (D. Mass. 1995). Plaintiff has presented no "evidence of detriment," such as

"how [he would have] fared as an independent entrepreneur and, therefore, whether he suffered any economic loss by postponing his own venture." <u>Hall v. Horizon House Microwave, Inc.</u>, 506 N.E.2d 178, 184 (Mass. App. Ct. 1987) (discussing detriment in promissory estoppel context).  His assertion that he "certainly" suffered by working until September rather than June (Pl.'s Ex. G, at 2824) is simply "too vague and uninformative to create genuine disputes of material fact." <u>Hoppe</u>, 878 F. Supp. at 313. In the absence of any evidence of detriment, the doctrine of equitable estoppel does not preclude application of the Statute of Frauds.  <u>See</u> <u>Mass Cash Register, Inc. v. Comtrex Sys. Corp.</u>, 901 F. Supp. 404, 419 (D. Mass. 1995).  Defendant is therefore entitled to summary judgment on Count II.

For substantially the same reasons, defendant is entitled to summary judgment on Count III, which alleges promissory estoppel.  As with equitable estoppel, Massachusetts courts require plaintiffs asserting promissory estoppel to show detriment resulting from reasonable reliance on an alleged promise.  <u>See</u> <u>Coll v. PB Diagnostic Sys., Inc.</u>, 50 F.3d 1115, 1124 (1st Cir. 1995).  Plaintiff has not shown such detriment, and summary judgment as to Count III is therefore allowed.  As for Count I, which seeks declaratory judgment, plaintiff has neither demonstrated his entitlement to such relief under the law in Counts II or III, not offered any other legal basis for it.

Accordingly, defendant's motion for summary judgment (#17 on the docket) is allowed on all counts.

Judgment may be entered for defendant.

| | |
|---|---|
| <u>06/20/06</u><br>DATE | <u>/s/ Rya W. Zobel</u><br>RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |