UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL R. CROFT,<br><br>   Plaintiff,<br><br>v.<br><br>NATIONAL BEDDING COMPANY *D/B/A*<br>SERTA MATTRESS COMPANY,<br><br>   Defendant. | Civil Action No. 04-11487-RWZ |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR ATTORNEY'S FEES
AND RELATED NON-TAXABLE EXPENSES**

Pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure ("Rule 54(d)(2)"), the Court should allow Defendant's Motion for Attorney's Fees and Related Non-Taxable Expenses in the above-captioned action.

**INTRODUCTION**

The Court entered Judgment for the Defendant, National Bedding Company *d/b/a* Serta Mattress Company ("Serta," "Defendant" or the "Company"), on all claims on June 20, 2006. Pursuant to a contractual provision between Defendant and the Plaintiff, Paul Croft ("Croft" or "Plaintiff"), the "successful party" in any court action to enforce Plaintiff's employment agreement with Defendant, or to prevent any breach thereof, is "entitled to be reimbursed by the other party for all costs and expenses incurred thereby, including, but not limited to, reasonable fees and expenses of attorneys…" This contractual provision further provides that "[i]f such successful party shall recover judgment in any such action or proceeding, such costs, expenses and fees may be included in and as part of such judgment."

As the "successful party" in this action, Serta is entitled to recover its attorney's fees and related non-taxable expenses. The Court, therefore, should grant Serta's Motion and allow Serta its attorney's fees and related non-taxable expenses.

## BACKGROUND

Croft worked for Serta as a Vice President of the Company's Middleborough Division from July 1999 until his termination in September 2001. *See* Defendant's Statement of Facts, submitted on September 16, 2005 ("Defendant's Facts"), and Plaintiff's Statement of Facts, filed on October 13, 2005 ("Plaintiff's Facts"), at ¶¶ 1-2. At Croft's insistence, on June 23, 1999, Serta executed a written employment contract with Croft (the "Agreement) as a condition of his agreement to work for Serta. *See* Defendant's Facts & Plaintiff's Facts, at ¶¶ 3-4. (A fair and accurate copy of the Agreement is attached hereto as Exhibit A.) Attorney Laura Studen represented Croft in the negotiations with Serta concerning the terms of the Agreement. *See* Defendant's Facts & Plaintiff's Facts, at ¶ 5.

Section 18 of the Agreement ("Section 18") provides that the "successful party" in any action to enforce the Agreement would be entitled to reimbursement for its reasonable attorneys' fees and expenses. Ex. A, Agreement, at ¶ 18. Section 18 provides:

> Should either party hereto or their successors retain counsel for the purpose of enforcing, or preventing the breach of, any provision hereof, including by instituting any action or proceeding in a court to enforce any provision hereof or to enjoin a breach of any provision of this Agreement or for any other remedy, then the successful party shall be entitled to be reimbursed by the other party for all costs and expenses incurred thereby, including, but not limited to, reasonable fees and expenses of attorneys and expert witnesses, including costs of appeal. If such successful party shall recover judgment in any such action or proceeding, such costs, expenses and fees may be included in and as part of such judgment. The successful party shall be the party who is entitled to recover his or her or its costs of suit, whether or not the suit

>   proceeds to final judgment. If no costs are awarded, the successful
>   party shall be determined by the court.

*Id.*

On June 29, 2004, Croft commenced this action, bringing claims against Serta for breach of contract, promissory estoppel and declaratory judgment, arising from a purported oral modification of the Agreement.

On June 20, 2006, the Court granted Serta's Motion for Summary Judgment and entered Judgment for Serta on all claims.

From the date of the Complaint through the date of the Court's Judgment, Serta incurred attorney's fees in this action totaling $123,140.75, and costs and expenses totaling $7,837.35. *See* Affidavit of Daniel B. Klein, Esq., submitted contemporaneously herewith ("Klein Aff.").

## ARGUMENT

A prevailing party may recover its reasonable attorneys' fees where an enforceable contract provides for such recovery. *See Fleishmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717 (1967) (attorneys' fees not normally recoverable in the absence of contractual provision or statute providing therefor); *see also Summit Valley Industries Inc. v. Local 112, United Broth. of Carpenters and Joiners of America*, 456 U.S. 717, 721 (1982) (same); *GE Supply v. C & G Enterprises, Inc.*, 212 F.3d 14, 19 (1st Cir. 2000) (upholding award of attorney's fees in breach of contract action under Miller Act even though Act did not authorize fees award because the relevant contract provided for attorney's fees.)[1]

---

[1] *See also Bournewood Hospital, Inc. v. Massachusetts Comm'n Against Discrimination*, 371 Mass. 303, 307-08 (1976) (Massachusetts follows the "American Rule," whereby attorneys' fees are not ordinarily recoverable in the absence of a contract, statute or court rule).

## SECTION 18 OF THE AGREEMENT ENTITLES SERTA TO RECOVER ITS ATTORNEY'S FEES AND COSTS INCURRED IN DEFENDING THIS ACTION.

Section 18 of the Agreement entitles the "successful party" in any court action to enforce the Agreement, or to prevent any breach thereof, to be reimbursed by the other party for all costs and expenses incurred thereby, including, but not limited to, reasonable attorneys' fees and expenses. Ex. A, Agreement, ¶ 18. The instant action qualifies as exactly the type of action or proceeding contemplated by the Parties in Section 18 because Plaintiff brought this action to enforce the Agreement, as purportedly modified, and to prevent Serta from breaching the Agreement, as allegedly modified. *See id.*

Serta is the "successful party" in this action for the purposes of Section 18. *See id.* Section 18 defines "successful party" as "the party who is entitled to recover his or her or its costs of suit, whether or not the suit proceeds to final judgment." Serta is entitled to recover its costs of suit as of course pursuant to Rule 54(d)(1) because it is the "prevailing party." Fed.R.Civ.P. 54(d)(1). Serta is the "prevailing party" under Rule 54(d) because the Court entered Judgment in Serta's favor. *See* Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2667 ("Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)."). Accordingly, Serta meets the definition of the "successful party" under Section 18.

Because Serta is the "successful party," as defined in Section 18, the Agreement unambiguously entitles Serta to be reimbursed for all of its reasonable attorney's fees, costs and expenses incurred in defending this action. Section 18 is valid and enforceable. The Parties negotiated the terms of the Agreement, and Croft was represented ably by counsel during these negotiations. Serta is entitled to the benefit of its bargain with Croft.

4

Croft brought this action knowing full well the potential consequences under Section 18 if he was unsuccessful. Indeed, Serta even served an Offer of Judgment upon Plaintiff on October 3, 2005, pursuant to Rule 68 of the Federal Rules of Civil Procedure. Plaintiff did not accept Serta's Offer of Judgment.

The Court, therefore, should honor the contractual terms to which the Parties agreed and grant Serta its reasonable attorney's fees and costs. *See Spinks v. Chevron Oil Co.*, 507 F.2d 216, 226 (5th Cir. 1975) (when the right to recover attorneys' fees is contractual, the court does not possess the same equitable discretion to deny attorneys' fees that it has when fashioning equitable remedies or applying a statute which allows the discretionary award of fees).

## CONCLUSION

For the foregoing reasons, the Court should grant Defendant's Motion and allow its attorney's fees and related non-taxable expenses.

> Respectfully submitted,
>
> DEFENDANT,
> NATIONAL BEDDING COMPANY *D/B/A*
> SERTA MATTRESS COMPANY
>
> By its attorneys,
>
>  /s/ Daniel B. Klein
> Daniel B. Klein
> SEYFARTH SHAW LLP
> Two Seaport Lane, Suite 300
> Boston, MA 02210
> 617-946-4800

Dated: July 5, 2006

5

## CERTIFICATE OF SERVICE

    I, Daniel B. Klein, hereby certify that on this 5th day of July, 2006, a true copy of the foregoing document was served by electronic means and regular U.S. Mail, postage prepaid, to Nancy Newark, Esq., Burns & Levinson LLP, 125 Summer Street, Boston, MA 02110, Counsel for Plaintiff.

                                            /s/  Daniel B. Klein
                                          Daniel B. Klein

BO1 15788520.1