

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2005 OCT 14  P 12: 05
U.S. DISTRICT COURT
DISTRICT OF MASS.

PAUL R. CROFT,

    Plaintiff,

v.

NATIONAL BEDDING COMPANY D/B/A
SERTA MATTRESS COMPANY,

    Defendant.

)
)
)
)
)
)  CIVIL ACTION NO.
)
)  04-11487
)
)
)

## STATEMENT OF FACTS FOR WHICH THERE IS
## A GENUINE ISSUE TO BE TRIED

Pursuant to United States District Court Rule 56 and United States District Court for the

District of Massachusetts Local Rule 56.1, Plaintiff Paul R. Croft ("Mr. Croft") submits this

*Statement of Facts for Which There is A Genuine Issue to Be Tried* in support of his *Opposition*

*to Defendant National Bedding Company d/b/a Serta Mattress Company's Motion for Summary*

*Judgment.*

### A.    SERTA'S HIRE OF CROFT

1.    Undisputed.

2.    While Croft actually performed work for Serta through September 19, 2001, the

date of his termination, he remained employed with Serta through the end of September 2001.

September 19, 2001, Separation Notice, attached hereto as Ex. D.

3.    Undisputed.

4.    Undisputed.

5.      Undisputed.

6.      Undisputed.

**B.      CROFT'S EMPLOYMENT AGREEMENT**

7.      The original Employment Agreement contained this provision. Letter Employment Agreement attached hereto as Ex. A. The Employment Agreement, as orally modified, extended the Designated Term through December 31, 2004. February 5, 2001, Memo, evidencing oral modifications, attached hereto as Exs. E and F; Deposition of Paul R. Croft, attached hereto as Ex. G, pp. 166-183; 280.

8.      The original Employment Agreement contained this provision. Ex. A. The Employment Agreement, as orally modified, provided for 5% salary increases each year. Ex. E; Memos dated January 5, 2001, and January 30, 2001, indicating original salary and increase, attached hereto as Ex. M.

9.      The original Employment Agreement contained this provision. Ex. A. The Employment Agreement, as orally modified, provided for a different bonus structure, which Serta paid to Jeremiah Reardon, who had the same contract as Mr. Croft. Ex. E; Deposition of Jeremiah Reardon, attached hereto as Ex. L, pp. 87-89; Letter Employment Agreement, attached hereto as Ex. K; Deposition of Julia Guiney, attached hereto as Ex. I, pp. 26-27; Memos regarding payment of Mr. Reardon's bonus, attached hereto as Ex. N.

10.     Undisputed

11.     The original Employment Agreement contained this provision. Ex. A. The Employment Agreement, as orally modified, stated that, if Mr. Croft quit, he was not entitled to his non-competition agreement or severance. Ex. E.

12.    The original Employment Agreement contained this provision. Ex. A. The Employment Agreement, as orally modified, provided that if Mr. Croft were terminated, his salary and non-compete would stay in effect through the end of the contract. Ex. E.

13.    Undisputed.

14.    The original Employment Agreement contained this provision. Ex. A. The Employment Agreement, as orally modified, provided that if Mr. Croft were terminated, his salary and non-compete would stay in effect through the end of the contract. Ex. E.

15.    Undisputed.

16.    The original Employment Agreement contained this provision. Ex. A. The provision was not material to the contract, however, as Serta did not enforce it and the alleged breach of the provision caused no harm to Serta. Deposition of Robert Sherman, attached hereto as Ex. H, p. 14-15, 139.

### C.    CROFT'S ALLEGED TERMINATION OF THE AGREEMENT

17.    Undisputed.

18.    Undisputed.

19.    While the December 20, 2000, letter may make reference to Mr. Croft seeking a "new agreement," the parties negotiated oral modifications to the existing Employment Agreement. Ex. E, stating "If terminated – Contract dates remain in effect regarding salaries and non-competes," a reference to the original Employment Agreement. Ex. H, pp. 57-58; Ex. G, pp. 121, 148-151, 166-172; December 19, 2000 Memo, attached hereto as Ex. C; February 8 Memo, attached hereto as Ex. O. Ex. I, pp. 26-27, 33; letter dated December 20, 2000, attached hereto as Ex. B. Mr. Croft continued to perform his contractual obligations under the contract after

December 20, 2000. Ex. H, pp. 49-51.

20.    Undisputed.

### D.    NEGOTIATIONS CONCERNING A NEW EMPLOYMENT AGREEMENT AND THE FEBRUARY 5, 2001 FACSIMILE

21.    Serta understood that Mr. Croft's intent was to negotiate three new terms to his Employment Agreement. Ex. C; Ex. I, pp. 26, 33; Ex. H, pp. 57-58; Ex. G, pp. 121, 149-151, 166-172.

22.    Undisputed.

23.    Mr. Sherman authorized a salary increase for Mr. Croft and Mr. Reardon after the parties agreed to oral modifications of the Employment Agreement which provided for a salary increase. Ex. E; Ex. M;. Ex. H, pp. 94-95.

24.    Undisputed.

25.    Undisputed. Exs. E and F. Two versions of this document were produced in discovery. One which contains the facsimile identifier and one which does not. Both were produced by Serta. Exs. E and F. Although Serta now asserts that many proposals went back and forth, and Mr. Croft just "picked out the one that they thought would be the best for them," this is the only proposal produced in discovery and it was produced by Serta. Ex. H, pp. 64-67; Ex. I, pp. 41-43; Exs. E and F, see Serta Bates Numbers.

26.    Mr. Croft and Mr. Sherman discussed these terms prior to February 5, 2001, and again on February 5, 2001, at which time Mr. Sherman faxed Exhibit E to Mr. Croft. Ex. I, p. 40; Ex. O; Ex. G, p. 176. The fax contained the oral modifications to which the parties had agreed and Mr. Croft accepted. Ex. G, pp. 180-183, 185, 203, 263.

27.    Undisputed. Based on Defendant Serta's offer of modified terms, Mr. Croft

accepted the renegotiated terms of continued employment, continued to be employed and continued to perform services for Defendant Serta under the Employment Agreement as orally modified until he was terminated on September 19, 2001. Ex. E; Ex. G, pp. 176-180, 182-183, 203, 263; Ex. I, p. 46; Ex. D; Ex. A, ¶¶ 1-12.

28.     The February 5, 2001, fax did not contain Mr. Sherman's signature as it only memorialized the terms the parties agreed to orally. Ex. E; Ex. G, pp. 182-185, 203, 263-265, 274.

29.     The February 5, 2001, fax did not contain Mr. Croft's signature as it only memorialized the terms the parties agreed to orally. Id.

30.     The February 5, 2001, contains a fax identifier showing it originated at Serta, was faxed to Mr. Croft, and was in Serta's possession. Exs. E and F; Ex. I, p. 40; Ex. G, pp. 176-180, 182-183.

31.     The February 5, 2001, fax contains the term "Contract Length." Ex. E.

32.     The February 5, 2001, fax addressed the bonus structure in a way that was understandable to all parties. Ex. E; Ex. N; Ex. G, p. 244.

33.     Undisputed.

34.     Undisputed.

35.     Undisputed.

36.     The memorandum stated this provision. However, Mr. Croft's Employment Contract trumped Serta's policies and procedures. Deposition of Robert Sherman, attached as Ex. H, pp. 85-86. The Employment agreement as orally modified makes no mention of having to be employed by Serta to qualify for the 2001 bonus program. Ex. E.

37.    Mr. Croft did not voice any objection at the time to the April 11, 2001 memorandum or its applicability to him as he had done so on previous occasions (Employment Acknowledgement Form, Ex. P) and both Mr. Croft and Serta knew that Mr. Croft's Employment Contract trumped Serta's policies and procedures. Ex. H, pp. 85-86. Jeremiah Reardon had the same contract as Mr. Croft. Ex. L, pp. 87-89; Ex. K; Ex. I, pp. 26-27; Ex. N. Mr. Sherman directed Defendant Serta pay Jeremiah Reardon the special bonus (50%) which the parties had renegotiated and is noted on the February 5, 2001 amendment. Ex. H, pp. 76-78, 125-126; Ex. N. Defendant Serta refuses to pay Plaintiff Mr. Croft his salary and bonuses after September 2001. Defendant's Response to Plaintiff's First Set of Interrogatories, attached hereto as Ex. J, answers 1, 13, 16.

### E.    SERTA'S TERMINATION OF CROFT'S EMPLOYMENT

38.    Serta notified Mr. Croft of the termination of his employment on September 19, 2001, and removed him from Serta's payroll on September 30, 2001. Ex. D. Serta failed to give timely notice of its termination of Plaintiff Mr. Croft's employment. Serta terminated Plaintiff Mr. Croft's employment without cause on September 18, 2001. Ex. G, p. 78: ex. J, Answers 1, 13, 16.

39.    Undisputed.

40.    Undisputed.

41.    Undisputed.

42.    Undisputed. Mr. Croft remained employed with Serta during this time period only because Serta had agreed to the modified terms. Ex. G, p. 280.

43.    Undisputed. When Mr. Croft left Serta's employ in 2001, he changed industries,

and started his own business, to comply with the non-compete clause. Ex. G, pp. 274-289; Ex. A,
Attachment A, Ex. E. There was "no way" he was going to violate the non-competition
agreement. Ex. G, p. 287.

44.     At the time of his September 19, 2001 termination, Mr. Croft possessed papers,
documents and/or records pertaining to Serta's business. Ex. G, pp. 17-18, 21-22. Mr. Croft's
possession of these documents was not material to the contract as Serta did not enforce it and the
alleged breach of the provision caused no harm to Serta. Ex. H, p. 139.

45.     Mr. Croft did not deliver these documents to the Company at any time prior to
producing them in response to requests for production of documents as part of the instant
litigation as Serta knew employees took documents home with them, Serta not request Mr. Croft
return the documents at any time prior to the instant litigation, Serta has never requested a former
employee return documents upon termination of employment, and Serta was not harmed by Mr.
Croft's remaining in possession of the documents. Ex. H, pp. 14-15, 139.

                                        Respectfully submitted,
                                        for PLAINTIFF
                                        By his Attorneys,

                                        Laura R. Studen, BBO # 483690
                                        Nancy A. Newark, BBO #635320
                                        BURNS & LEVINSON LLP
                                        125 Summer Street
                                        Boston, MA 02110
                                        (617) 345-3000

Date:   October          , 2005

**CERTIFICATE OF SERVICE**

I hereby certify on this ___14___ day of September 2005, that I caused a true copy of the within document to be served upon counsel of record for the Plaintiff via hand delivery.

Nancy A. Newark